[No. 36213. Department One. September 20, 1962.]

SAMUEL E. APLING et al., Appellants, v. CASCADE OIL COMPANY et al., Respondents.*

Eddleman & Wheeler (Arnold B. Robbins, of counsel), for appellants.

Olwell, Boyle & Hattrup, for respondents.

PER CURIAM.—The sole question presented on this appeal is whether the trial court abused its discretion in entering an order granting a new trial conditioned on the plaintiffs' refusing to accept a reduction in the verdict from $35,000 to $7,500.

The action is for personal injuries sustained by the plaintiff wife when the station wagon in which she was riding was struck from the rear by an oil truck belonging to the

*Reported in 374 P. (2d) 575.

defendant Cascade Oil Company and driven by the defendant Ralph E. Terletter. The liability of the defendants was admitted.

It was established by the evidence that the plaintiff wife sustained a sprain of the cervical and lumbar spine, which involved injuries to the muscles and ligaments of the upper and lower back. She was hospitalized four times within 90 days after the accident. During the hospitalizations, pain-relieving medications were administered and neck traction was applied. She suffered headaches while hospitalized. Other after effects of the injury were pain in the back and breast, visual disturbances, dizziness and leg twitching, and intermittent vomiting. She wore a supportive corset for some time but abandoned it after she became pregnant, which was some four months after the accident.

The plaintiff wife had been obese prior to the accident but, under a doctor's care, had lost a considerable amount of weight. After the accident, she regained the lost weight within a short time. Her attending physician said that a program for weight reduction would be undertaken after delivery of her child. A psychiatrist who examined her once before the trial found that she was suffering from a traumatic neurosis which, absent any other explanation, could be attributed to the accident. No other psychiatrist examined her.

Because the plaintiff wife had been unable to care for her children for long periods of time, it had been necessary for her husband to be absent from work at times and to hire a daytime baby sitter. There was a marked change in her disposition after the accident.

There was no evidence that the plaintiff wife's injuries were permanent. Her physician testified that her condition should be corrected within a year after the trial (or two years after the accident), and the psychiatrist testified that it was likely that her condition would improve after the termination of this litigation. Her objective symptoms were minimal at the time of trial.

■ The plaintiffs concede that the trial court has the power to order a new trial if the successful party elects not to accept a verdict reduced to an amount which, in the opinion of the court, is justified by the evidence. We recently reaffirmed this rule in *Martin v. Foss Launch & Tug Co.*, 59 Wn. (2d) 302, 367 P. (2d) 981. They contend, however, that there is no authority for the reduction made in this case, because this court has never approved a reduction as great as that which the trial court specified. This, of course, is not a controlling factor, as each case depends on its own facts and circumstances.

We have carefully reviewed the record and have concluded that the trial court was correct in finding that the verdict was excessive. However, we think that the reduction was somewhat greater than the evidence warranted. In view of the fact that the discomforts experienced by the plaintiff wife were real to her (in spite of the dearth of objective symptoms), were serious, and would continue for a year or more after the trial, we think a verdict of $10,000 general damages was justified. In addition, the plaintiffs were entitled to recover $2,671.66, the special damages which were proved.

As thus modified, the order granting a new trial unless the plaintiffs accept a reduced verdict is affirmed.