[No. 33376. Department Two. November 17, 1955.]

ROY M. IDE et al., *Respondents*, v. BERTHOLD W. STOLTENOW et al., *Appellants.*[1]

*Halverson & Applegate* and *Alan A. McDonald,* for appellants.

*James V. McCabe* and *Elwood Hutcheson,* for respondents.

HILL, J.—A new trial has been granted in an action arising out of an automobile collision, for the reason that the amount of the verdict in favor of the plaintiffs is inadequate and not in a sufficiently substantial amount to cover special damages, property damages, and general damages for the injuries sustained by one of the plaintiffs. The defendants appeal from the order granting a new trial. We are not

[1]Reported in 289 P. (2d) 1007.

here concerned with any issue of liability, but solely with the question of whether the jury's verdict of $1,246.24 is so inadequate as to justify the granting of a new trial.

Prior to the adoption of Superior Court Rule 16, 34A Wn. (2d) 117, our inquiry upon appeal from an order granting a new trial because the amount awarded for damages was inadequate, was limited to the questions of whether there was a case for the jury and whether there was evidence to support a verdict other than the one rendered. If the answers were in the affirmative, the order granting a new trial was of necessity affirmed. *Coppo v. Van Wieringen* (1950), 36 Wn. (2d) 120, 141-142, 217 P. (2d) 294. That rule (both before and since the amendment effective July 1, 1954) provided that a trial court granting a new trial shall, in the order, give definite reasons of law and fact for so doing. That provision was adopted to give this court an opportunity for an effective review of orders granting new trials. *Rung v. Radke* (1954), 44 Wn. (2d) 590, 597, 269 P. (2d) 584.

Since the adoption of that rule, when an order has been entered by the trial court granting a new trial because the amount of the verdict is inadequate, our inquiry on appeal from the order is directed to whether there was sufficient evidence to sustain the verdict of the jury. *McUne v. Fuqua* (1954), 45 Wn. (2d) 650, 277 P. (2d) 324. If there was sufficient evidence for that purpose, the trial court abused its discretion in granting a new trial. *McUne v. Fuqua, supra.*

The plaintiffs here asked judgment in the amount of $21,465.47, of which $20,000 was for general damages for the pain, suffering, and disability, both transient and permanent, suffered by plaintiff Lois Z. Ide in consequence of the collision. The remainder, $1,465.47, was made up of $700 for doctors' bills and hospital, X ray, medicine, and ambulance expenses incurred in consequence of Mrs. Ide's injury, and $765.47 for property damage. The variation between the allegations and the evidence is as follows:

|  | Complaint | Proof |
|---|---|---|
| Doctors, hospital, X rays, medicine, ambulance | $700.00 | $585.77 |
| Property damage: | | |
| Spectacles | 50.47 | 50.47 |
| Camera | 80.00 | 80.00 |
| Automobile | 635.00 | 635.00 to $ 410.00 |
| Total | $1,465.47 | $1,351.24 to $1,126.24 |

It would seem to us that the jury did not intend to award Mrs. Ide anything for pain, suffering, and disability, and fixed the damages to the automobile at $530, a figure well within the evidence, to arrive at the total of $1,246.24. That is, of course, merely our surmise. If we accept the lowest figure indicated in the above computation, fixing the damages to the car at $410, the total of the special damages and property damages would be $1,126.24, leaving $120 for general damages.

On the theory that the jury could have allowed less than $585.77 for doctor, hospital, and medical expenses, the defendants urge that the jury could have allocated considerably more than $120 for general damages. The argument is that, although the evidence shows that $585.77 was actually expended or liability therefor incurred, and that the amounts charged were reasonable for the services rendered, the jury could have concluded that much of it was unnecessary and not attributable to the collision. The principal attack on the items which make up that figure is leveled at the twelve-day stay in the hospital as unnecessary; and it is urged that the jury may have considered any expenses incurred subsequent to one year after the collision not attributable to the accident, inasmuch as there was evidence that Mrs. Ide had completely recovered within that year.

Certainty could have been given to what is now conjectural and speculative had the jury been required to segregate its verdict between property damages, special damages, and general damages. We are satisfied, however, that no combination of surmises or conjectures as to what items of the $585.77 medical and hospital expenses may have been disallowed by the jury and allocated instead to

general damages, could bring the figure allowed for general damages to $500, and any award less than that amount for general damages would be so inadequate as to shock the conscience of the court.

We recognize that the jury might have concluded that the Ides, in both their request for general damages and their request for property damages, were trying to capitalize on the collision, and that many of Mrs. Ide's complaints of which there was no objective evidence were either imaginary or not the result of the collision; but, with all possible inferences drawn against the Ides and their good faith, there remain certain things which cannot be brushed aside or disregarded. Due to the defendants' negligence, Mrs. Ide was trapped in a car which was turned over onto its side and then spun around on the pavement, in consequence of which she suffered a scalp laceration which bled profusely and the closing of which required several stitches, and she suffered numerous bruises and contusions. While in the hospital, she was nervous and cried frequently; some shock and emotional upset were clearly established, though their extent and duration are in controversy.

The defendants' expert, while finding no connection between the collision and Mrs. Ide's complaints of headaches, nervous tension, sleeplessness, weakness in her knees, and arthritis, conceded that X rays taken at the time of the collision and again a year thereafter showed " 'changes in her cervical vertebrae in the form of spurring between the vertebral bodies of C-six and C-seven,' " and that " 'This obvious change could be related to her accident as a definite progression of the process can be seen.' " Again he said, speaking of the same condition: "That you can't overlook, it is there and you can't exclude it. That can very well be attributed to her injuries."

In support of the verdict, the defendants rely upon *McUne v. Fuqua, supra,* in which, liability having been established and a new trial directed on the issue of damages only in an earlier case (*McUne v. Fuqua* (1953), 42 Wn. (2d) 65, 253 P. (2d) 632), the retrial resulted in a verdict for the

defendant. The trial court granted a new trial and we reversed the order, holding that there was sufficient evidence to sustain the verdict of the jury. We there held that a jury had a right to consider inconsequential a scalp laceration which required five sutures, and that an award of nominal damages therefor was not necessary; however, that holding was not necessary to a decision of the case, because counsel for the plaintiff, in his argument before the jury, waived any claim for damages relative to the head injury or laceration. In that case, the evidence as to whether the plaintiff suffered shock and emotional upset as a result of the collision was "strongly conflicting." In the present case, the evidence of the injuries upon which we rely as showing that general damages were sustained in an amount of at least five hundred dollars is not in conflict; it is neither controverted nor attacked.

We recognize that it can be said that the jury could have disbelieved all of the plaintiffs' experts and also disbelieved or disagreed with the conclusion of the defendants' expert whose testimony we have quoted. The difficulty with that argument is that, carried to its logical conclusion, there never could be an inadequate verdict, because the conclusive answer would always be that the jury did not have to believe the witnesses who testified as to damages, even though there was no contradiction or dispute.

It is our view that, in determining whether a new trial should be granted because of inadequate damages, the trial court and this court are entitled to accept as established those items of damage which are conceded, undisputed, and beyond legitimate controversy.

If the amount of general damages is placed at the irreducible minimum of $500, the verdict of $1,246.24 is clearly inadequate and not sustained by the evidence. The trial judge did not abuse his discretion in entering an order granting a new trial, and that order is affirmed.

DONWORTH, MALLERY, WEAVER, and ROSELLINI, JJ., concur.