[No. 36352.    Department One.    May 2, 1963.]

JOHN O. DURKAN, *Respondent,* v. MORTON M. LEICESTER, *Appellant.**

*Sweet & Merrick* and *H. J. Merrick,* for appellant.

*Wolfstone & Piehler* and *Barbara Ohnick,* for respondent.

HALE, J.—In this automobile collision case, the trial court granted a new trial for inadequacy of the jury's verdict. The defendant appeals.

Respondent was driving his automobile in Seattle at a speed of approximately 10 miles per hour, on January 18, 1960, when his car was struck from the rear by appellant's vehicle. Appellant testified that, when traffic ahead slowed, he bumped into respondent's car. The jury could have found the impact to be slight from the description of the incident as related to them by the two drivers and from the

* Reported in 381 P. (2d) 127.

physical damage shown. The rear bumper of respondent's car had what was described as a "crease" or "brush" mark in its chrome surface; the taillight was dented. Total repairs to respondent's vehicle cost $20.95. Appellant's car showed some damage under the left front headlight and under the left corner bumper. His repairs cost $56. Appellant admitted liability.

Evidence submitted by respondent showed that he suffered some soreness in the neck for about 4 days following the accident, but, more importantly to him, it produced a new onset of ear trouble. The ear trouble was described as a constant, everpresent buzzing or ringing in the ear and a percentage loss of hearing. This phenomenon is known to medical science as tinnitus. Respondent also showed that a sharper, more serious, rear-end collision occurring about 5 months earlier on August 7, 1959, had likewise induced tinnitus which had persisted for nearly 4 months. It was shown that the tinnitus symptoms following the accident in August had subsided completely nearly 2 months before the January accident.

Respondent had a history of ear trouble prior to the first accident. Further, during most of his life, he had followed outdoor sports connected with the use of firearms, had participated with skeet shooting and pistol shooting, and went hunting regularly. To the $20.95 damages to respondent's automobile, the added sum of $30 for medical treatment was proved, bringing special damages proved to $50.95. The jury returned a verdict in the sum of $100, indicating a view that personal injuries proximately resulting from the impact were slight.

Medical testimony presented on respondent's behalf indicated that tinnitus is frequently associated with trauma; that, in all probability and from a reasonable medical standpoint, the impact of January 18, 1960, induced stiffness in the neck, which persisted for 4 days, and caused the recurrence of respondent's tinnitus. This evidence supported the conclusion that respondent's symptoms were caused by the accident.

Medical testimony presented on appellant's behalf took a contrary position. It conveyed the opinion that tinnitus was rarely associated with an impact of this kind but frequently was induced by the use of firearms; that many diseases, among them mumps, can cause tinnitus; that several drugs, including streptomycin and quinine, are a cause. This evidence supported the conclusion that there was no connection between respondent's symptoms and the accident.

A new trial was granted by the learned trial court on an alternative motion for new trial. The court ascribed its reasons in the following language contained in the order:

"The verdict of the jury as returned herein is unconscionable and represents an inadequate award of damages upon the grounds and for the reason that even considering the evidence from defendant's point of view and taken in its entirety, the verdict is grossly inadequate and insulting; that in the event the jury found that no injury resulted the verdict is excessive and should have been limited to the cost of vehicular repair, but finding that injury resulted the verdict of $100.00 is grossly and unconscionably inadequate."

Respondent's motions for an increase in the judgment or, alternatively, for a new trial, were based on seven claimed grounds, Nos. 5, 6 and 7 of which seem to overlap. We assume from the record that the court granted a new trial on the fifth ground specified in Rule of Pleading, Practice and Procedure 59.04W, RCW Vol. 0, namely:

"(5) Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice;"

Rule 59.04W, *supra,* has this further provision:

"In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing."

The court's language in the order granting a new trial implies that the verdict is defective in regard to both parties. If it purported to allow for no personal injuries, any amount in excess of $20.95, the repair bill, would be excessive. If it were thought to allow for some personal injuries, it would be inadequate. Thus, the court gave as

its definite reason of law and facts that the verdict of $100, implying necessarily a finding of some personal injuries, was insulting and grossly inadequate.

Assuming that the jury was selected fairly according to law, that the issues were determined upon competent and admissible evidence, that no misbehavior of counsel or jury is shown, that no untoward incidents occurred during the trial concerning which remedial action would be futile—in short, assume the record of a fair trial had under decorous condition — should not matters outside the record upon which a new trial is granted be certified to this court in some manner? Should not the court describe the incidents or the occurrences, or point to the areas in the record from which the conclusion of unfair verdict was derived?

In *Powell v. Continental Baking Co.,* 49 Wn. (2d) 753, 306 P. (2d) 757, a new trial was granted defendant on the grounds that the verdict of three thousand dollars was against the weight of the evidence and constituted a miscarriage of justice. In its order granting a new trial, the court cited numerous reasons, including among them its view that (1) plaintiff was false and fraudulent; (2) any recovery of over five hundred dollars was outrageous; (3) plaintiff's injuries were nonexistent; (4) by little clues arising from her behavior and demeanor, the court was confident that she had deceived the jury; (5) five jurors were inexperienced, it having been their first case, and were deceived by plaintiff's artifice and false claims of injuries; (6) all of the items producing the miscarriage of justice could not be captured for the record; and (7) a true verdict would have been for the defendant, or would have allowed nominal damages only for the plaintiff. Despite this rather comprehensive declaration of points on which the trial court granted the new trial, we reversed, holding, in effect, that the trial court's declarations were largely a statement of its conclusions and did not constitute reasons of law or fact as required under the final section of RCW 59.04W, *supra.* Of similar effect is *McUne v. Fuqua,* 45 Wn. (2d) 650, 277 P. (2d) 324.

■ Although scholars have been critical of the implications arising from too rigid an adherence by courts of review to the rule requiring a statement of reasons, *i.e.*, facts, incidents, circumstances, occurrences (see Trautman, New Trials For Failure of Substantial Justice, 37 Wash. L. Rev. 367 (1962)), we think it is a sound one. By means of this rule, it is hoped that objective criteria will take the place of subjective impressions, and we adhere to it, notwithstanding our respect for the learning and broad experience of the trial judges who sometimes find it difficult to apply.

■ The record of trial here discloses substantial evidence from which the jury could have found the impact between the two cars ranged from slight to moderate in degree, and the personal injuries ranged from trifling headaches for a period of 4 days to those severe enough to materially affect respondent's auditory system. Nothing in the record of trial or recitation of the court's conclusions as to the inadequacy of the verdict permits us to invade the province of the jury by affirming the annulment of its verdict.

The order granting a new trial is reversed, with directions to enter judgment on the verdict.

ROSELLINI and HUNTER, JJ., concur.

HILL, J. (concurring in the result)—I agree with the majority that the trial judge does not, in his order, give adequate objective criteria to justify a new trial. A memorandum or oral opinion could have been helpful.

From the record before us, I can see nothing unconscionable in the verdict. The $100 verdict might well have been allocated $20.95 for car damages, $30 for medical treatment, and the remainder of almost $50 for 4 days of neck soreness and headaches. This would mean that the jury simply refused to believe that the plaintiff's ear and hearing difficulties were attributable to this relatively slight impact, and that was their prerogative.

My only reason for encumbering the records with a special concurrence in this case is to voice my objection to the use of *Powell v. Continental Baking Co.* (1957), 49 Wn. (2d) 753, 306 P. (2d) 757, as a measuring rod to determining whether or not the trial court erred in granting a new trial. If that case is to be the criterion by which we judge, we will affirm very few cases in which a new trial has been granted on discretionary grounds. I expressed my views on discretionary new trials in footnote 2 in the case of *Sullivan v. Watson* (1962), 60 Wn. (2d) 759, 765, 375 P. (2d) 501; and one of the cases in which (in my opinion) we permitted the pendulum to swing too far was the *Powell* case.

OTT, C. J., concurs with HILL, J.