[No. 36835. Department One. August 29, 1963.]

CARL COLEMAN, *Appellant*, v. CHRISTINA GEORGE *et al.*,
*Respondents.**

*Robinson, Landerholm, Memovich & Lansverk*, for appellant.

*John F. Wynne* and *R. DeWitt Jones*, for respondents.

ROSELLINI, J.—This action was brought by the appellant for damages resulting from injuries suffered when he fell down an outside basement stairway. The stairway led to a basement entrance into a building belonging to the respondent George, from a sidewalk under the control of the respondent city of Vancouver. The appellant was a blind student at a piano-tuning school in Vancouver and was in the company of a blind friend at the time of the accident. The evidence tended to show that the stairway was open at one end and could have been made safe for blind pedestrians in one of several inexpensive ways.

*Reported in 384 P. (2d) 871.

The jury returned a verdict in favor of the appellant in the amount of $8,520. A new trial was granted on the respondents' motion, and this appeal followed.

■ An order granting or denying a new trial will not be reversed except for an abuse of discretion; this principle being subject to the limitation that, to the extent that such an order is predicated upon rulings as to the law, no element of discretion is involved; and a much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying it. *O'Brien v. Seattle,* 52 Wn. (2d) 543, 327 P. (2d) 433; *Johnson v. Howard,* 45 Wn. (2d) 433, 275 P. (2d) 736.

Rule of Pleading, Practice and Procedure 59.04W provides in part:

"In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, give definite reasons of law and facts for so doing."

The reasons given by the trial court in this instance were: (1) irregularity in the proceedings of the jury; (2) damages so excessive as to unmistakably indicate the verdict must have been the result of passion or prejudice; (3) error in failing to give one of the respondents' proposed instructions; and (4) substantial justice was not done.

The first of these reasons was predicated on the contents of affidavits of several of the jurors revealing the manner of their deliberations. That is, the affidavits showed that the jurors had used several methods of computing damages (for example, hypothecating that the appellant would be partially incapacitated for a certain number of years and that his average loss of earnings would be a certain amount per day); that they had rejected the results of each of these computations until they arrived at one which seemed to them to represent a just verdict, and that they had finally all agreed on a verdict.

■ The trial court was of the opinion that this procedure, involving as it did assumptions of facts which were not testified to by any witness, was misconduct. (It should be remarked, however, that the assumptions which were used were within the range of testimony). The respond-

ents have cited no authorities supporting the trial court's conclusion that this manner of deliberation constituted misconduct. We need not decide whether this is the case, inasmuch as the appellant correctly maintains that the affidavits were not admissible to impeach the verdict. As we made clear in the recent case of *Gardner v. Malone*, 60 Wn. (2d) 836, 376 P. (2d) 651, a juror may not divulge what considerations entered into his deliberations or controlled his actions in arriving at a verdict. This is precisely what the affidavits in this case revealed. Consequently, it was improper to consider them.

In finding that the damages were so excessive as to unmistakably indicate the verdict must have been the result of passion or prejudice, the trial court observed that the evidence showed that the appellant suffered no outward signs of injury; that no objective symptoms could be found; that all of his complaints were subjective; that he took no medication, and that he lost no earnings. The appellant contends, however, that in these observations, the court took no note of the evidence favorable to his claim of damages. According to his testimony he suffered back strain which caused him considerable pain and discomfort and made it necessary for him to quit work early on a number of days, thereby losing earnings; also he testified that he lost 40 pounds in the year following the accident. There was medical testimony that he had received therapy for this injury, and that he probably would continue to suffer disability and loss of earning power so long as he continued as a piano tuner. The evidence showed that this was his only means of livelihood.

The appellant had originally asked for $5,000 damages, and before the case was submitted to the jury, moved that the pleadings be amended to conform to the proof as to loss of earning capacity. This motion was granted and the jury was instructed that it should determine what amount would compensate him for his pain and suffering, past and future medical expenses, permanent disability, and loss of earning capacity.

There was substantial evidence to support the verdict. In the recent case of *Apling v. Cascade Oil Co.*, 60 Wn. (2d) 505, 374 P. (2d) 575, where the plaintiff wife sustained a sprain of the cervical and lumbar spine, even though there was no evidence that her injuries would be permanent and there was a dearth of objective symptoms, we held that a verdict of $10,000 general damages was justified. In another case, *Kasey v. Suburban Gas Heat of Kennewick*, 60 Wn. (2d) 468, 374 P. (2d) 549, we upheld a jury verdict of $7,000 for emotional shock, pain, muscle spasms of the cervical spine, and aggravation of pre-existing heart ailment.

In *Jones v. Hogan*, 56 Wn. (2d) 23, 351 P. (2d) 153, there was medical testimony that the plaintiff suffered a severe lumbo-sacral sprain from which she would suffer pain and disability for a period of 2 years, although physicians called by the defendants testified that the injury was minimal. We held that the jury verdict of $10,000 was supported by evidence and not so large as to indicate passion or prejudice.

■ The granting of a new trial on the ground that the verdict is so excessive as to unmistakably indicate that it was the product of passion or prejudice is, of course, a matter within the discretion of the trial court, but such an order can and should be set aside where there is a manifest abuse of discretion. We are of the opinion that, in this case, the trial court erroneously disregarded the evidence favorable to the appellant's claim of damages and substituted its judgment for that of the jury. The verdict does not appear to be excessive if the evidence favorable to the appellant's claim was believed, and it was within the province of the jury to believe it.

Another ground named by the trial court in support of its order was error in failing to give one of the respondents' requested instructions. When an exception was taken to the refusal of this instruction, the trial court remarked that it was somewhat slanted and that its substance was covered by other instructions. Our examination of the instruction and the others given convinces us that it was properly

refused. None of the instructions given by the court was excepted to by the respondents.

The final ground mentioned is that substantial justice was not done. The reasons given for this conclusion are simply a summary of the other three grounds. As such, they do not constitute a sufficient reason for granting a new trial. *Lakoduk v. Cruger*, 48 Wn. (2d) 642, 296 P. (2d) 690.

It appears that the trial court was of the opinion that a verdict should have been rendered for the respondents and that the jury had returned a verdict for the appellant only because of its sympathy for his blindness. However, the record reveals substantial evidence supporting the jury's verdict, and it was not so excessive in itself as to indicate passion or prejudice. We find nothing in the reasons given by the trial court in support of its order which shows that the respondents did not have a fair trial. Under these circumstances, the verdict must stand. *Mulka v. Keyes*, 41 Wn. (2d) 427, 249 P. (2d) 972.

The order is reversed and the cause remanded with directions to enter judgment on the verdict.

OTT, C. J., HILL, HUNTER, and HALE, JJ., concur.