[No. 36732.    Department One.    April 30, 1964.]

ERNEST F. RICHARDS, *Appellant,* v. SICKS' RAINIER BREWING COMPANY, *Respondent.**

*McDowell & McDowell,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* by *Frederick V. Betts,* for respondent.

HUNTER, J.—The plaintiff (appellant), Ernest F. Richards, brought this action for injuries received when his car was struck in the rear by a beer truck owned and operated by the defendant (respondent), Sicks' Rainier Brewing Company.

The accident occurred on Highway 99 near Kalama, Washington, on November 13, 1960. At the conclusion of a jury trial, a judgment was entered upon a verdict in favor of the plaintiff in the amount of $1,800. The plaintiff filed a motion for a new trial on the ground that the jury's award for damages was inadequate. The plaintiff appeals from the order of the trial court denying the motion. No appeal has been taken by the defendant.

*Reported in 391 P. (2d) 960.

Six months before the accident, the plaintiff had undergone an operation for gallstones, and before the accident he was experiencing a small hernia at the site of the incision. There was testimony that the hernia was aggravated by the trauma received in the accident. There was also testimony that incisional hernias are quite common after a gallbladder operation even without strain or trauma.

Immediately after the accident the plaintiff, who was 52 years of age, was taken to a hospital in Longview and examined by a doctor. At that time he made no complaint concerning a hernia. After the doctor performed the necessary emergency treatment, a state patrolman drove the plaintiff to a bus station, where he took a bus to a rest home owned by a friend of his in Portland. While there he saw a doctor in Portland to have stitches removed from his face, and again he made no complaint concerning a hernia. He returned to Seattle and was examined by his own physician on November 19th, 6 days after the accident. At this time he primarily complained of pains in his chest. During the course of the examination, the doctor discovered a small area of tenderness caused by the hernia on the margin of the old incision. This hernia was repaired by surgery on February 7, 1961. In April, 1961, the hernia again became enlarged and it was surgically repaired in December, 1961.

The plaintiff contends that all the medical expenses incurred since the accident are attributable to the negligence of the defendant. Also alleged as items of special damages are: $150 for his car which was totally depreciated in the accident, and $253.20 for travel expenses to receive medical help, computed at 10 cents a mile. The value of the car and the distance traveled were disputed. The medical expenses, primarily from the hernia operations, totaled $1,375.07. The plaintiff argues that the special damages totaled $1,778.27; that the verdict for $1,800, therefore, allowed nothing for general damages and it was the result of passion and prejudice.

In order to set aside the verdict and judgment in this case, we must be able to say the verdict was so inadequate as unmistakably to indicate it was the result of passion and

prejudice. *Reddington v. Washington Natural Gas Co.,* 57 Wn. (2d) 776, 359 P. (2d) 497 (1961). If there is substantial evidence to support the verdict, it must stand. *Becker v. Tacoma Transit Co.,* 50 Wn. (2d) 688, 314 P. (2d) 638 (1957).

In the instant case the plaintiff admitted on cross-examination that a hernia was developing prior to the collision. The plaintiff's physician agreed that it is common to find herniation at the incision resulting from an operation; that there are many things other than strain or trauma that bring about an incisional hernia; and that a person's ability to heal is very important. The testimony further disclosed the plaintiff's body was particularly susceptible to hernias, and that he was experiencing another hernia in the same area at the time of the trial.

The plaintiff's physician testified that it was his opinion the upper one and one-half to two inches of the hernia had broken down because of the accident. The plaintiff testified the hernia ballooned as large as "two fists." However, no complaints were made to doctors at the time of the accident, or for a substantial time thereafter.

It was within the province of the jury to weigh all of the testimony and to give to it the weight which the jury believed it was entitled. The jury had a right to disbelieve the testimony most favorable to the plaintiff, and could have concluded that the medical expenses for repair of the hernias did not result from the accident. The $1,800 award would then have included general damages which, under this record, we cannot say were so inadequate as unmistakably to indicate passion or prejudice. The trial court correctly denied the plaintiff's motion for a new trial on the ground of inadequacy of damages.

The plaintiff assigns error to the refusal of the trial court to give his proposed instruction No. 24. The refused instruction advised the jury that if it finds for the plaintiff, it should consider medical expenses, including surgery and treatment for any condition resulting from the accident, regardless of "whether such surgery or surgeries and medical treatment are properly or improperly performed."

■ There was no evidence that the various hernia operations were improperly performed. Although there was some testimony that the attending physicians were not always able to agree on what steps were needed to cure the plaintiff effectively, and that they were disappointed when the attempted surgical repairs were unsuccessful, nowhere is it suggested that any of the physicians was guilty of performing improper surgery. At the most, it would have been only a bad result. Since there was no evidence to support the proposed instruction, it was not error to refuse to give it. *Woods v. Goodson,* 55 Wn. (2d) 687, 349 P. (2d) 731 (1960).

The judgment is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur