[No. 36980. Department One. July 30, 1964.]

WARREN CYRUS et al., Respondents, v. GARY A. MARTIN et al., Appellants.*

*Reported in 394 P. (2d) 369.

*Smith, Smith & Smith (Del Cary Smith* and *Lawrence Cary Smith,* of counsel), for appellants.

*George W. Young,* for respondents.

ROSELLINI, J.—The plaintiffs brought this action to recover for personal injuries sustained by Warren Cyrus, who will be referred to herein as the plaintiff, when his pickup truck was struck in the rear by an automobile driven by the defendant Gary A. Martin. The pickup truck was disabled and was being pushed along Trent Avenue, in Spokane, by the plaintiff. It was about 2:30 a.m., and there was evidence tending to show that the truck was not lighted at the time of the collision.

The jury returned a verdict for the plaintiff which the trial court found to be inadequate. A new trial was ordered on the issue of damages only, and the defendants have appealed.

The trial court was of the opinion that the jury must have failed to take into account certain evidence concerning the plaintiff's loss of earnings; and that, consequently, substantial justice had not been done. The court reasoned that, since only $500 in general damages was awarded, and there was no dispute that the plaintiff's pre-existing back condition had been aggravated by the jolt received in the accident, the award obviously did not include any substantial amount for loss of earnings. The trial court observed that there had been uncontradicted evidence that the plaintiff had lost the benefit of three contracts for labor, as a result of his injuries.

It is not claimed by the defendants that the issue of lost earnings was not properly before the jury. They rest their contention that the court abused its discretion on their theory that the jury was entitled to reject the uncontradicted testimony of the plaintiff and his witnesses. The

trial court, however, felt that the jury had not simply rejected the testimony but had mistakenly ignored it.

The granting of a motion for a new trial is within the discretion of the trial court, and its order will not be set aside in the absence of a showing of an abuse of that discretion, except where the order is predicated on rulings as to the law. *Coleman v. George,* 62 Wn. (2d) 840, 384 P. (2d) 871.

The defendants cite the case of *State v. McKenzie,* 56 Wn. (2d) 897, 355 P. (2d) 834, wherein we said that since the adoption of that portion of Superior Court Rule 16 (now Pleading, Practice, and Procedure Rule 59.04W, RCW Vol. 0), requiring that definite reasons of law and fact be stated by a trial court in support of an order granting a new trial, our review of such an order which is grounded on inadequacy of the verdict has been directed to whether there was sufficient evidence to sustain the verdict. We found that the verdict in that case was within the range of testimony, and that it was an abuse of discretion to grant a new trial.

We do not have in this case an order entered by a trial judge who merely disagreed with the jury's findings on the amount of damages. The trial court in this case was convinced that the jury had neglected or refused to consider any of the evidence on one element of damages and, thus, had arrived at an erroneous verdict. The court was of the opinion that the jury could not reasonably reject all of the evidence concerning lost earnings. We are not prepared to say, as a matter of law, that the jury could reasonably disregard all of this evidence, and consequently we cannot hold that the trial court abused its discretion in granting a new trial.

It is also contended by the defendants that the trial court erred in limiting the new trial to the issue of damages. There is merit in this contention. It is proper to limit a new trial to the issue of damages where liability is clearly shown, but where the inadequacy of damages is coupled with a close case on the issue of liability, justice requires a new trial upon the entire case. *Zerr v. Spokane City*

*Lines, Inc.,* 58 Wn. (2d) 196, 361 P. (2d) 752; *Vaughan v. Bartell Drug Co.,* 56 Wn. (2d) 162, 351 P. (2d) 925. There was evidence of contributory negligence in this case, and the jury's verdict suggests the possibility that it was the result of compromise. Consequently, it would be unjust to the defendants to limit the issues upon a new trial.

Error is assigned to the giving of an instruction on the first phase of the doctrine of "last clear chance." Instruction No. 15 reads in pertinent part:

"If the defendant actually saw the automobile of the plaintiff in the street ahead of him and should have appreciated the danger, if any, of the situation, but failed to exercise reasonable care to avoid the collision, such failure makes the defendant liable in this action, . . ."

█ According to the defendants, there was no evidence from which the jury could infer that the defendant driver actually saw the plaintiff's vehicle in time to avoid the collision. We find this contention supported by the record. As we said in *Glasper v. Westbo,* 59 Wn. (2d) 596, 369 P. (2d) 313, it is error to give this instruction if there is no evidence that the defendant actually saw the plaintiff's peril in time to avoid the accident.

█ The defendants also urge that the trial court committed error in refusing their proposed instruction concerning intoxication. They cite no authority supporting this instruction as a correct statement of the applicable law and have thus failed to sustain the burden of showing that the trial court's ruling was erroneous.

The plaintiff likewise has assigned error to certain rulings of the trial court which he contends should not be repeated on a retrial of the case, but has failed to support these assignments with legal arguments. Since they have not been seriously urged, they will not be considered.

The order granting a new trial is affirmed. Insofar as the order limits the new trial to the issue of damages, it is reversed, and the cause is remanded for a new trial on all of the issues.

OTT, C. J., HILL and HALE, JJ., and BARNETT, J. Pro Tem., concur.