[No. 37745.    Department One.    August 19, 1965.]

AGNES N. HILLS, *Respondent*, v. REX KING *et al.*,
*Appellants.**

*Hugh R. McGough*, for appellants.

*J. Morrison MacDonald*, for respondent.

BRADFORD, J.†—This is a personal injury and property damage action arising from a rear-end automobile accident. Plaintiff Agnes N. Hills was stopped in proper position, with the signal device flashing for a left turn, when her automobile was struck from the rear by a pickup truck driven by the defendant Rex King. There was considerable conflict in the evidence as to the severity of the impact.

There were no serious objections to the introduction of evidence or to the court's instructions.

The liability was submitted to the jury with instructions on negligence and contributory negligence. The jury re-

*Reported in 404 P.2d 997.

†Judge Bradford is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

turned a verdict for the plaintiff in the amount of $1,550. Plaintiff moved for judgment notwithstanding the verdict and in the alternative for a new trial. The court denied this motion conditionally. The defendant was given the opportunity to consent to an increase of $1,100 in the jury verdict or the court would grant a new trial. The defendant refused to pay the additional sum and a new trial was granted. In passing on the motion, the court said:

I was surprised at the verdict. I don't think the jury gave any consideration or any allowance whatsoever for pain and suffering. I think the jury . . . pared down the specials. . . . I think there should have been an allowance for pain and suffering.

In the formal order granting a new trial, the court made the following findings:

The Court finds that the Jury verdict was the result of passion and prejudice and was inadequate. The Court further finds that the Jury found liability and failed to award any general damages in their verdict whatsoever and in fact reduced the plaintiff's proven special damages.

It was the defendant's position that the plaintiff was not seriously injured and, except for her imagination, there would have been little or no need for most of these special damages incurred.

The evidence is uncontradicted that, although the plaintiff was a nervous person by nature, she had no previous history of injury of any significance. This is the distinction between this case and *Durkan v. Leicester*, 62 Wn.2d 77, 381 P.2d 127 (1963), and *Richards v. Sicks' Rainier Brewing Co.*, 64 Wn.2d 357, 391 P.2d 960 (1964). The evidence establishes that the plaintiff, a widow, is a housekeeper at the Renton Hospital. Her work requires her to make beds, clean rooms and do general cleaning. She was, at the time of the accident, working 40 hours a week and was paid at the rate of $1.68 per hour.

Plaintiff testified that she saw, in sufficient time, that the defendant was going to hit her so that she braced herself, put her brakes on hard in order to prevent her car from being driven ahead into another vehicle. She claims she

was badly shaken up and knew immediately she was hurt. The motor in her vehicle died at the time of the impact and she signaled the defendant to push her to the side of the road so they would not be blocking the traffic. The defendant gave her car a shove and drove away without talking to her.

The defendant testified he barely hit the plaintiff, if he hit her at all.

A disinterested witness testified:

A. A slight impact, yes. It wasn't—from where I was positioned it didn't look like it was, you know—it didn't throw them thirty or forty feet. Q. It didn't move her at all? A. Well, that would be hard to answer yes or no. It moved, probably, both vehicles, I mean, her forward and him probably backward a little, I don't know, but there was a distance after the impact between the two cars.

Damage to the plaintiff's car was limited to the bumper. After the defendant drove away without talking to the plaintiff, she went to the police and reported the incident. This resulted in the defendant later being convicted of a charge of hit and run. The defendant had been drinking. Plaintiff called her doctor that same evening, which was December 21, 1962, and complained of severe neck pain associated with pressure behind the eyes, limited motion of the neck, stiffness in the shoulders, some pain in the low back, as well as some pain down the right leg. She was given muscle relaxants and 2 days later was ordered hospitalized by her doctor, where she remained from December 24, 1962, to January 7, 1963, during which time she was placed in traction for a period of 5 or 6 days. She was given considerable medication and, upon her release from the hospital, ordered not to work for a month. She testified, upon returning to work, her condition was such that she only worked half time the first week and that she was required to miss an additional 7 days of work during the next few months because of recurring headaches attributed to the accident.

The defendant's doctor examined the plaintiff 17 months after the accident and found there was tenderness along the muscle between the neck and shoulder; there was tenderness when this area was palpated; also tenderness along the spine itself on the cervical spine close to where it joins into the head. Both doctors, plaintiff and defendant, testified in their opinions the plaintiff should be fully recovered within 2 years of the date of the accident, which occurred on December 21, 1962.

There really is no legitimate controversy respecting the amount of special damages which were: physical therapy, January, 1963, $44; February, 1963, $24; March, 1963, $24; April, 1963, $12; Renton Hospital Pharmacy, $12.25; Austin-Hendrickson Pharmacy, $4.42; Dr. Vukov Clinic, $368.50; Dr. Divelbiss, $48; Renton Hospital, $461.55; Dr. Lamphere, $70; loss of wages, 40 hours a week at $1.68 per hour, 7 weeks, $470.40; 1 week at half time, $33.60; 7 scattered days, $94.08; automobile repair, $85. Total: $1,751.80.

The medical testimony is uncontroverted that these medical expenses were reasonable and necessary, resulting from the accident.

Dr. Lamphere is a psychologist and, although both doctors testified his bill was reasonable and necessary, the jury may have disallowed this portion of the specials. Regardless of Dr. Lamphere's bill, it readily becomes obvious this jury did not award Mrs. Hill any sum whatsoever for her pain, suffering and disability. In fact, they did not allow all the special damages proved. This court previously said in *Ide v. Stoltenow*, 47 Wn.2d 847, 851, 289 P.2d 1007 (1955):

[I]n determining whether a new trial should be granted because of inadequate damages, the trial court and this court are entitled to accept as established those items of damage which are conceded, undisputed, and beyond legitimate controversy.

In *Lanegan v. Crauford*, 49 Wn.2d 562, 566, 304 P.2d 953 (1956), in a similar case, the court pointed out:

Rule of Superior Court 16 (5), 34A Wn.(2d) 117, and Laws of 1933, chapter 138, § 2, p. 482 [cf. RCW 4.76.030],

authorize the conditional granting of a new trial if the trial court finds that the amount of the verdict is either so large or so small as to indicate "passion or prejudice," and upon appeal the statute provides that the amount of the verdict is presumed to be correct unless this court finds from the record that the amount of the verdict was so excessive or inadequate as unmistakably to indicate "passion or prejudice."

and cited many recent cases supporting this rule.

▇ The capable trial judge found in this particular case the verdict was the result of passion or prejudice, and, with this conclusion, we agree. This is a matter within the sound discretion of the trial court and should be affirmed if there is no abuse of discretion. *Cyrus v. Martin,* 64 Wn.2d 810, 394 P.2d 369 (1964); *Coleman v. George,* 62 Wn.2d 840, 384 P.2d 871 (1963); *O'Brien v. Seattle,* 52 Wn.2d 543, 327 P.2d 433 (1958).

The order granting a new trial is affirmed.

ROSELLINI, C. J., HUNTER and HALE, JJ., concur.

OTT, J. (dissenting)—In this personal injury action arising out of a rear-end automobile collision, the plaintiff sought judgment in the sum of $38,100. The jury returned a verdict for the plaintiff in the sum of $1,550. The trial judge thought the verdict should have been $1,000 more and, upon the defendant's refusal to pay the judge's "verdict," a new trial was granted. The court gave as its reason for setting aside the jury verdict, "*I don't think the jury gave any consideration or any allowance whatsoever for pain and suffering.*" (Italics mine.)

This conclusion was pure conjecture. There was no request for special interrogatories to be answered by the jury, and the verdict for plaintiff was simply in the total sum of $1,550. I am of the opinion that the jury award constituted full payment to plaintiff for damage to the automobile, doctor and medical expenses, and pain and suffering, *which could reasonably be attributable to this accident.*

(1) The evidence disclosed that the impact was slight. The plaintiff testified that she stopped her automobile, with the motor running, preparatory to making a left turn on a busy arterial street in Seattle, and that the rear bumper of her vehicle was struck by defendant's truck, which moved her automobile forward 3 feet. Her testimony relative to the force of the impact was contradictory in several material details, both in her pretrial deposition and in her testimony at the time of trial.

A disinterested witness testified that the impact was so slight he did not believe the plaintiff's car had been moved forward any appreciable distance, and that "It moved, probably, both vehicles, I mean, her forward and him probably backward a little, I don't know, but there was a distance after the impact between the two cars."

The defendant testified he did not believe he had struck her automobile any more than a nudge.

The plaintiff did not complain of any physical injury immediately after the accident, and appeared to be "entirely normal" to disinterested witnesses. She contended only that there was a dent in the rear bumper resulting from this accident. She purchased either a new bumper or a replated one for $75 or $85. She did not remember the exact cost because she lost the repair bill.

The jury could have found that, as a result of this slight impact, only a fractional part of the neck and back injuries of which she complained was attributable to the accident.

(2) Deducting the $85 repair bill from the jury award, the sum of $1,465 was allowed for medical expense, and pain and suffering. In allowing this sum, the jury followed instruction No. 17, which provided in part:

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for damages *proved by the evidence to have been proximately caused by the accident.* (Italics mine.)

The medical evidence clearly established that plaintiff had been suffering from a serious arthritic condition for more than 10 years prior to this accident. Both doctors

testified that her arthritic condition did not result from this impact.

The plaintiff was an extremely nervous person. This nervous condition likewise was concededly not the result of this accident. For this condition, her own doctor had sent her to a psychiatrist because he felt that some of her complaints were psychosomatic.

Her total medical expense was $1,068.72. Applying instruction No. 17 to these facts, the jury could well have found that only a fraction of these medical expenses was attributable to or proximately resulted from this slight impact.

The trial judge and the majority of this court have considered the evidence most favorably to the plaintiff. This is not the rule when a jury verdict is being vacated.

The amount of damages is within the discretion of the jury, under proper instructions. It is only when the record unmistakably establishes passion and prejudice on the part of the jury that a trial court or a court of appellate review can vacate the jury's determination. *Guy v. Northwest Bible College,* 64 Wn.2d 116, 390 P.2d 708 (1964); *Teig v. St. John's Hospital,* 63 Wn.2d 369, 387 P.2d 527 (1963); *Malstrom v. Kalland,* 62 Wn.2d 732, 384 P.2d 613 (1963); *Helman v. Sacred Heart Hospital,* 62 Wn.2d 136, 381 P.2d 605 (1963).

When this jury's verdict is given the evidentiary inferences to which it is entitled, the award of $1,550 "reasonably and fairly compensate[s] her for damages proved by the evidence to have been proximately caused by the accident."

I do not find a scintilla of evidence in this record which establishes passion and prejudice on the part of the jury in reaching this verdict. Nor has the trial court or the majority of this court pointed to any such evidence.

In my opinion, the trial court, in increasing the verdict $1,000, was simply substituting its judgment for that of the jury and, in so doing, invaded the province of the jury. There is no statutory authority for granting a new trial

when the court's "verdict" in a jury trial is not acceptable to a litigant.

The order granting a new trial should be reversed, and the cause remanded with instructions to enter judgment on the verdict of the jury.