258

[No. 223-40664-1.    Division One.    April 6, 1970.]
Panel 2

JAMES S. DEAN, *Individually and as Guardian, Appellant,* v.
RAYMOND E. VARNEY *et al., Respondents.*

*Thomas C. McCarthy,* for appellant.

*Lewis Guterson,* for respondent Varney.

*A. L. Newbould* and *Charles R. Nelson,* for respondent
City of Seattle.

WILLIAMS, J.—James S. Dean, individually and as guardian of the estate of Leonora Dean, an incompetent person, sued detective Raymond E. Varney, a Seattle police officer, and the City of Seattle for injuries received from the discharge of Varney's police revolver. Mrs. Dean, the injured party, was rendered permanently incompetent. The jury returned a verdict for both defendants, and plaintiff appeals.

The incident occurred a few minutes past 4 a.m. on June 29, 1966. A short time before the accident, Varney had escorted Mrs. Dean from her place of work to her home. He extended this courtesy as a consequence of her previous assistance with his detective activities.

Upon their arrival, Mrs. Dean invited Varney to have a drink. They sat down about 2 feet apart on the davenport. Varney laid his police revolver on the coffee table. When Mrs. Dean started to examine the pistol, Varney unloaded it and handed it back to her. Mrs. Dean looked at the pistol briefly and gave it back to Varney. He reloaded the revolver and returned it to the table.

Thereafter, Mrs. Dean picked up the pistol while Varney, under circumstances later set forth, was temporarily distracted. Before he could take any action, the revolver had discharged, the bullet striking Mrs. Dean in the temple.

Appellant assigns error to the instructions given and refused concerning negligence, contributory negligence, last clear chance, intervening cause and scope of agency.

■ Appellant first contends that the issue of Varney's negligence should not have been submitted to the jury but decided as a matter of law. *Elmer v. Vanderford,* 74 Wn.2d 546, 445 P.2d 612 (1968) at 550 (quoting from *McQuillan v. Seattle,* 10 Wash. 464, 38 P. 1119 (1895) at 466) sets forth the governing rule:

> There are two classes of cases in which the question of negligence may be determined by the court as a conclusion of law, . . . . The first is where the circumstances of the case are such that the standard of duty is fixed, and the measure of duty defined, by law, and is the same under all circumstances. . . . And the second is where the facts are undisputed and but one reasonable inference can be drawn from them. . . . If different results might be honestly reached by different minds then negligence is not a question of law, but one of fact for the jury.

The first classification does not apply to this case. In the second category, although the facts are essentially undisputed, more than one reasonable inference of negligence can be drawn therefrom, and different minds could honestly reach different results. The question was one for the jury.

■ Appellant next contends the issue of Mrs. Dean's alleged contributory negligence should not have been sub-

mitted to the jury. The evidence indicated that Mrs. Dean had sole control of the gun, that she sat next to Varney as he reloaded the pistol, and that 4 pounds of pressure was necessary to discharge the pistol. Where there is sufficient evidence to support it, each party has a right to have his theory presented to the jury by instruction. *McGarvey v. Seattle*, 62 Wn.2d 524, 384 P.2d 127 (1963). It would have been error, under these facts, for the trial court to refuse to instruct on contributory negligence.

Appellant also assigns error to the court's refusal to give his proposed instruction on the first phase of the doctrine of last clear chance. He contends that Varney had sufficient time calmly to warn Mrs. Dean of the peril and that Varney's act of grabbing and shouting deprived him of the time necessary to prevent the accident. The only evidence on this issue is Varney's testimony as follows:

A  Within a very short time after I had replaced the gun on the coffee table, my attention was diverted elsewhere, and I noticed a movement out of the corner of my eye and I looked around, and Mrs. Dean had possession of the gun again, and before I could do or say anything the gun went off and struck Mrs. Dean. Q  Now, you say before you could do or say anything. Did you grab for it? A  Well, I made an attempt to, yes, sir, but before I could do anything, or say anything, the shot went off. Q  Didn't you shout something? A  Well, yes, sir. I wouldn't say I shouted it. I just started to say, "Hey!" and that's the time the shot went off. Q  You did grab for it? A  I made an attempt to, yes. Q  Did you touch either Mrs. Dean or the gun? A  Yes, I touched Mrs. Dean after the shot went off, but — Q  I mean, before the shot fired or simultaneous with the firing. A  No, sir, I don't think so. Q  Are you positive? A  Well, as I say, it all happened all at once, and as I went to make a grab and to holler at her is when the shot went off.

The evidence was insufficient to show Varney had any chance at all to prevent the accident. It was not error, therefore, to refuse to give the instruction. *Richards v. Sicks' Rainier Brewing Co.*, 64 Wn.2d 357, 391 P.2d 960, 2 A.L.R.3d 430 (1964).

The trial court gave, and appellant assigns error to, instruction No. 10 as follows:

If you find that the defendant was negligent but that the proximate cause of the occurrence was a later independent intervening act of the person injured that the defendant in the exercise of ordinary care under the circumstances could not reasonably have anticipated as likely to happen, then defendant's original negligence is superseded by the intervening act and is not the proximate cause of the occurrence. However, if in the exercise of ordinary care under the circumstances, the defendant should reasonably have anticipated the intervening act, it does not supersede the original negligence or break the chain of proximate causation.

You are instructed that the mere handling of a loaded revolver does not in and of itself constitute a later independent intervening act within the scope of this instruction.

Appellant contends that since an instruction on contributory negligence was also given, the jury was allowed to speculate on the possibility that Mrs. Dean willfully shot herself. When Mrs. Dean handled the gun the second time, it was in her control and out of the control of Varney. The challenged instruction placed with the jury the question of whether Mrs. Dean's actions were an independent intervening cause. This was proper. *Lunz v. Neuman,* 48 Wn.2d 26, 290 P.2d 697 (1955); *Qualls v. Golden Arrow Farms, Inc.,* 47 Wn.2d 599, 288 P.2d 1090 (1955); *Sitarek v. Montgomery,* 32 Wn.2d 794, 203 P.2d 1062 (1949).

Appellant asked that the jury be instructed that the City of Seattle was liable if Varney was liable. In view of our decision on the other issues, affirming the trial court, we do not reach that question.

█ There is substantial evidence to support the jury's verdict. We will not retry factual issues on appeal. *Hernandez v. Western Farmers Ass'n,* 76 Wn.2d 422, 456 P.2d 1020 (1969).

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

———————

Petition for rehearing denied June 11, 1970.