[No. 42984.     En Banc.     June 20, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDRE BRIGHAM YOUNG, *Appellant*.

*Snure, Gorham & Varnell* and *James B. Gorham,* for appellant.

*Joseph Panattoni, Prosecuting Attorney,* and *David H. Gorrie, Deputy,* for respondent.

STAFFORD, J.—The trial court found defendant guilty of threatening to bomb or otherwise injure a public building in violation of RCW 9.61.160.[1] He appeals.

Defendant's first three assignments of error stem from a contention that the evidence preponderates against the trial court's findings of fact and related conclusion of law that defendant threatened to bomb or otherwise injure a public school building at Central Washington State College. Essentially, the argument is two-pronged: first, it is asserted that the trial court should have believed defendant's witnesses rather than the state's; second, it is suggested defendant's comment was made in jest and thus was not unlawful.

■  The record discloses substantial evidence to support the trial court's findings of fact. They in turn support the challenged conclusion of law. A determination of guilt will not be set aside upon conflicting testimony where the state's evidence warrants a verdict. *State v. Stafford,* 44 Wn.2d 353, 267 P.2d 699 (1954). Further, it is no defense that defendant may not have intended to carry out his threat or may have made it only in jest. RCW 9.61.170 provides, insofar as pertinent: "It shall not be a defense . . . that the threatened bombing or injury was a hoax."

Defendant was convicted in Superior Court of violating RCW 9.61.160, a gross misdemeanor. RCW 9.61.180. Justice courts have jurisdiction concurrent with superior courts of gross misdemeanors committed in their respective counties. RCW 3.66.060. The same statute limits justice court punishment to a maximum of 6 months in jail or a $500 fine, or

---

[1]RCW 9.61.160 provides:

"It shall be unlawful for any person to threaten to bomb or otherwise injure any public or private school building . . . ."

both, unless otherwise expressly provided by statute. On the other hand, RCW 9.92.020 authorizes a superior court to impose a maximum penalty of 1 year in jail or a $1,000 fine, or both. Defendant argues that RCW 3.66.060 and 9.92.020 have the combined effect of permitting a prosecuting attorney to control the maximum imposable punishment by selecting the court in which to try a defendant. This, defendant asserts, denies him equal protection of the laws under the Fourteenth Amendment, citing *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956).

■ Defendant's position is not well taken. The statute under attack in *Delmore* gave a prosecuting attorney the option of charging violations of the uniform firearms act either as a gross misdemeanor or as a felony. We stated at page 550: "A statute which prescribes different punishments or different degrees of punishment for the same act committed under the same circumstances by persons in like situations is violative of the equal protection clause . . ." Unlike *Delmore,* the defendant in the instant case was chargeable only as a gross misdemeanant. Upon conviction in superior court, he was subject to a possible maximum penalty of 1 year in jail or a fine of $1,000, or both. On the other hand, despite the apparent penalty limitation contained in RCW 3.66.060, the same maximum punishment could have resulted after a hearing in justice court. RCW 3.66.065 provides in part:

> If such justice determines that the punishment he is authorized to assess is inadequate to the gravity of the offense he may order such defendant to enter recognizance to appear in the superior court . . . and shall proceed as a committing magistrate.

Thus, unlike the defendant in *Delmore,* this defendant was not confronted with different punishments for the same act committed under like circumstances by persons in like situations. Also unlike *Delmore,* the imposable penalty is not subject to the whim of the prosecuting authority. Rather, only one crime was chargeable and it is a gross misdemeanor. Upon conviction, defendant was subject to the

identical ultimate imposable punishment whether charged in the justice or the superior court. Further, the ultimate penalty imposed under the applicable statutes was subject solely to judicial determination. Consequently, there was no denial of equal protection.

■ Defendant complains that RCW 3.66.060 "permits the state to create two classifications: those criminal defendants who are permitted to have two judicial determinations of the facts and those criminal defendants who have one." This, defendant contends, denied him equal protection of the laws. Presumably he refers to the fact that he would have been entitled to a de novo trial on appeal from justice court, under RCW 12.36.050, whereas on appeal from a superior court conviction he was entitled only to a review based upon the record. If defendant is correct, all persons accused of gross misdemeanors must be *tried* initially in justice court. We do not agree.

The system was not created for the purpose of giving justice court appellant two bites at the apple, so to speak. An appeal from justice court takes the form of a trial de novo only because justice courts are not courts of record. *State v. Miller*, 59 Wn.2d 27, 365 P.2d 612 (1961). That being the case, an appeal by means of reviewing the record, as is done in appeals from superior court, is an impossibility. Further, defendant's assumption that all persons charged in justice court automatically receive two trials (*i.e.*, one in justice court and a de novo trial on appeal) whereas those charged in superior court get only one, is incorrect. Although a criminal trial may commence in justice court, it is subject to the judicial determination that the authorized punishment is inadequate for the offense committed. In such case, the justice court judge is empowered to proceed as a committing magistrate and remand the matter directly to superior court. RCW 3.66.065. In such case, a de novo appeal is eliminated. Thus, had defendant been charged in justice court, as he claims was his right, his case would have been subject to remand to the superior

court without a trial de novo. Under the facts before us it would require an unwarranted extension of the equal protection clause to reach the result appellant seeks.

Next, defendant contends that had he been charged in justice court he could have had a *jury* trial more quickly than in superior court. This, he asserts, denied him his right to a speedy trial. The argument fails for at least three reasons. First, the record contains nothing to substantiate the claim that he could have had a *jury* trial more quickly in justice court. Second, assuming he could have obtained an earlier *jury* trial in justice court, defendant waived a *jury* trial and was tried to the *court*. Thus, the argument is not in point. Third, the record does not indicate that defendant made a demand for a speedy trial. Failure to do so constituted a waiver at the time this case was tried.[2] *Smith v. Hooey*, 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969); *State v. Davis*, 2 Wn. App. 380, 467 P.2d 875 (1970).

Defendant also assigns error to the fine imposed by the trial court. He contends it was an abuse of discretion to impose a $750 fine because he was indigent and did not have sufficient funds to comply with the judgment. The sentence was imposed on December 8, 1972. Defendant was ordered to pay installments of $250 on January 1, 1974, January 1, 1975, and January 1, 1976 (*i.e.*, 1 year, 2 years and 3 years after judgment). Thus, his indigency at the time of sentencing is not relevant. Further, we are aware of no decision which holds that an indigent defendant cannot be ordered to pay a fine.[3] There was no abuse of discretion.

Finally, defendant argues that a conviction under RCW 9.61.160, on the facts of this case, is an unconstitutional abridgment of his right of free speech. The cases cited by defendant are not in point. All deal with statutes which prohibit *advocating* the use of force. The conduct prohib-

[2]This case was tried prior to the adoption of CrR 3.3. The applicability of that rule is not before us.

[3]*Williams v. Illinois*, 399 U.S. 235, 243, 26 L. Ed. 2d 586, 90 S. Ct. 2018 (1970), held only "that a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is

ited here is an expression of a *present threat* or *intent* "to bomb or otherwise injure any public or private school building  . . ."  Although defendant argues that his statement was mere advocacy, the trial court found otherwise. The conviction is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

---

financially unable to pay a fine." But the court went on to say at page 244: "The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination  . . ."