[No. 14224-4-II.    Division Two.    July 16, 1992.]

SUZANNE M. THOGERSON, *Individually and as Guardian ad Litem, Appellant,* v. JEAN-PAUL HEINER, ET AL, *Respondents.*

*Stephen W. Fisher* and *Tuell, Anderson, Fisher & Koppe,* for appellant.

*Frederick V. Betts* and *Betts, Patterson & Mines P.S.,* for respondents.

SEINFELD, J. — Suzanne Thogerson appeals the Thurston County Superior Court's denial of her motion for judgment notwithstanding the verdict and her alternative motion for a new trial. We affirm.

Thogerson and her daughter Misty, who was 2 years old at the time, were involved in a traffic accident June 17, 1986, in Lacey. While waiting at a traffic light in their van, the Thogersons were rear-ended when defendant Jean-Paul Heiner ran into a vehicle stopped behind Thogerson's, causing that vehicle to hit hers. Both Thogerson and Misty were taken to a hospital. Thogerson had some neck injuries and was placed in a cervical collar. However, examinations performed the same day showed normal soft tissue appearance as well as normal thoracic curvature and spinal alignment. There was no indication of any fractures in the cervical area. Misty sustained no physical injuries.

Thogerson previously was injured in a March 1981 automobile accident. She also suffered migraine headaches as a teenager, an ailment shared by her father and sister.

In January 1989, Thogerson brought this action against Heiner seeking compensation for her own personal injuries, medical expenses, and loss of wages and, on behalf of her

children, Misty and Matthew, the loss of their mother's care, love, and companionship.

At trial, Thogerson's witnesses included the neurologist who examined her 6 months after the injury because of lingering pain, her employer, and various family members who testified concerning Thogerson's employment record and her relationships with her children. The defense presented one witness, another neurologist who had performed an independent examination of Thogerson.

Thogerson introduced evidence of her continuing neck and back pain and headaches as well as occasional numbness in her limbs, all attributed to the accident. Medical experts for both sides agreed that Thogerson would benefit from a course of treatment to help her cope with the effects of her injuries from this more recent accident, but no doctor testified that such a course of treatment was necessary for her.

The defense neurologist testified that migraine headaches can be chronic or intermittent, can be exacerbated by anxiety, and are generally hereditary. He also testified that the soft tissue spinal injuries sustained in an accident where there is no loss of consciousness or severe whiplash are usually short lived, resolving within a period of months. Thus, Thogerson's chronic headaches, lasting 4 years from the date of the accident to the time of trial, were unusual. The doctor's opinion was that the headaches suffered by Thogerson after the 1986 accident were an exacerbation of a preexisting condition. Thogerson herself testified that she had tension headaches before the 1986 accident but that the ones following the accident were more severe. Significantly, Thogerson testified that she missed work for 4 days in November 1986, 5 months after the accident, because of severe headaches, but that those particular headaches were unrelated to the accident for which she was making this claim.

There was some testimony suggesting that Thogerson's injuries were not as serious as she claimed. For example, the defense neurologist testified that he found no evidence

at all of any nerve injury when he examined Thogerson and that he was "skeptical" of the amount of pain Thogerson claimed to feel. Further, Thogerson was cross-examined concerning a letter she allegedly requested from her doctor in July 1982, 16 months after the 1981 accident. The letter, addressed to Thogerson's attorney, stated that Thogerson requested the doctor write her attorney "concerning her problems with her neck and head pain" from that earlier accident and "give an opinion stating that these problems will continue for an indefinite period." Thogerson denied ever requesting such a letter and stated that perhaps her mother had requested it. Thogerson's employment supervisor testified that Thogerson was an exceptionally good employee in a fairly stressful job (monitoring calls from security system clients), but that she missed about 2 days per month because of headaches.

Thogerson also testified that her relationship with her children was hampered because she could no longer pick them up, carry them, or hold them on her lap. However, other evidence revealed that before the accident Thogerson's father had cared for the children while their mother was at work and away for occasional evenings and, further, that the same arrangement was in place following the accident.

The trial court directed a verdict in favor of Thogerson on liability and instructed the jury with regard to damages, including instruction 8 which dealt with preexisting injuries. Thogerson objected to the instruction.

The jury awarded Thogerson $7,066 for past economic damages, $2,000 for past noneconomic damages, and nothing for future damages or for the children's alleged loss of Thogerson's companionship. Thogerson then moved for judgment notwithstanding the verdict or, in the alternative, a new trial. Both motions were denied. She now appeals contending that the evidence supported a higher damages award and that the trial court's instruction on preexisting conditions was improper.

■ Thogerson first contends that the trial court erred in denying her motion for judgment notwithstanding the ver-

dict. Such a motion should be granted only if the court can say, as a matter of law, " 'that there is neither evidence nor reasonable inference therefrom to sustain the verdict.' " *Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wn.2d 747, 753, 818 P.2d 1337 (1991) (quoting *Hojem v. Kelly*, 93 Wn.2d 143, 145, 606 P.2d 275 (1980)). Here, as we discuss below, there was ample evidence supporting the jury's verdict. The trial court therefore properly denied Thogerson's motion for judgment n.o.v.

Thogerson moved in the alternative for a new trial under CR 59(a) contending, essentially, that the evidence she presented justified a damages award greater than that which she received. She contends that the verdict must have been the result of passion or prejudice, that it was irreconcilable with the evidence, and that substantial justice was not done. *See* CR 59(a)(5), (7), (9). We disagree.

■ The granting of a new trial on the grounds of inadequate damages is peculiarly within the discretion of the trial court, and a denial of such motion will not be disturbed in the absence of manifest abuse of that discretion. *Wooldridge v. Woolett*, 96 Wn.2d 659, 668, 638 P.2d 566 (1981) (upholding trial court's denial of new trial following verdict that failed to award plaintiff any general damages in survival action).

Thogerson contends that the trial court abused its discretion in denying her motion because, she contends, her damage evidence was undisputed and beyond legitimate controversy. She analogizes her case to *Ide v. Stoltenow*, 47 Wn.2d 847, 289 P.2d 1007 (1955). In *Ide*, the Supreme Court held that the trial court is "entitled to accept as established those items of damage which are conceded, undisputed, and beyond legitimate controversy." 47 Wn.2d at 851. The defendants' own expert in *Ide* had conceded that the plaintiff suffered changes to her cervical vertebrae that could not be "overlook[ed]". *Ide*, 47 Wn.2d at 850. The court concluded that an award of general damages of only $120 was therefore inadequate.

.

Thogerson's case differs from Ide's. Here, there was evidence that Thogerson's injuries were not as serious as claimed. The defense neurologist was "skeptical" of the pain Thogerson claimed to be suffering. He testified that the kinds of injuries she sustained in the accident do not lead to headaches of the frequency and duration she claimed to be experiencing. *See Lipshay v. Barr*, 54 Wn.2d 257, 258-59, 339 P.2d 471 (1959) (upholding denial of motion for new trial when verdict included no award for pain and suffering; Supreme Court noted there was evidence from which the jury could infer that the plaintiff's injury was not as serious as she contended and that her prolonged absence from work was unnecessary).

Perhaps most tellingly, Thogerson testified that she had experienced pain following the March 1981 accident for only about 2½ months with occasional flare-ups; the defense was able to impeach her, however, with evidence that tended to show that 18 months after that accident, she requested a letter from her doctor stating that the head and neck pain from the accident would continue for an indefinite period of time. Thogerson denied having requested this letter, but the jury was entitled to discredit the testimony. *Nettles v. Beckley*, 32 Wn. App. 606, 610, 648 P.2d 508 (1982) (questions of credibility are for the trier of fact).

Further, the award that the jury made was within the range of proof. Thogerson claimed that her medical damages amounted to $6,218.60. She claimed lost wages of $591.60 for 17 days of work she missed immediately following the accident. She claimed an additional $4,000 in lost wages because she continued to miss 1 to 2 days of work per month because of headache and back pain. The award of $7,066 for past economic damages covered all of the medical expenses, all of the wages lost immediately following the accident and a certain amount of lost wages for the time beyond that immediate postaccident period. In view of Thogerson's own testimony that she was hospitalized for severe headaches *unrelated to the accident* in November

1986, the jury was not obliged to believe that pain suffered beyond that time was caused by injuries sustained in the accident. In addition, the jury awarded Thogerson $2,000 for noneconomic damages. Because these awards were within the range of proof, the trial court did not abuse its discretion in denying Thogerson's motion for a new trial. *See Wooldridge v. Woolett*, 96 Wn.2d at 668 (if damages are within the range of evidence, they will not be found to have been motivated by passion or prejudice).

Similarly, the jury's failure to award anything for the children's alleged loss of Thogerson's love, support, and companionship was supported by the evidence. Testimony showed that Misty sustained no physical injuries in the accident and that the accident had not changed the children's situation. Both before and after June 17, 1986, Thogerson's father cared for the children while Thogerson was at work. Thogerson complained that she could not pick the children up or hold them on her lap for long periods of time after the accident, yet that same testimony revealed that she was with the children on a regular basis, interacting with them. As the jury's award was within the range of evidence, the trial court did not abuse its discretion in denying a new trial. *Wooldridge v. Woolett, supra.*

Thogerson contends finally that she should have been awarded a new trial because, according to her argument, the trial court erred in giving the jury its instruction 8. She argues that the instruction misstated the law, was a comment on the evidence, misled the jury, was repetitious in view of instruction 7, and prejudiced her. We disagree.[1]

Instruction 8, to which Thogerson objected, reads as follows:

> You are instructed that the plaintiff is not entitled to recover for any physical ailments or disability which may have existed before the accident or for any ailments of disability which she may now be suffering but which were not caused or contributed to by reason of the accident.

---

[1]Since Thogerson provided no argument for her contention that the instruction was a comment on the evidence, we will not consider that issue. *Rho Co. v. Department of Rev.*, 113 Wn.2d 561, 574, 782 P.2d 986 (1989).

Instruction 7, which Thogerson contends properly states the law and was sufficient without instruction 8, reads:

If you find that before this occurrence the plaintiff, Ms. Thogerson, had a pre-existing bodily condition which made the plaintiff more subject to injury than a person in normal health, then, if your verdict is in favor of the plaintiff, you should consider all injuries and damages which were proximately caused by the occurrence, even though those injuries, due to that condition, may have been greater than those which would have been suffered by a normal person under the same circumstances.

These two instructions are based on WPI 30.17 and 30.18, respectively.[2]

■ Jury instructions must be considered in their entirety. *Brown v. Spokane Cy. Fire Protec. Dist. 1*, 100 Wn.2d 188, 194, 668 P.2d 571 (1983). Instructions are sufficient if they permit each party to argue her theory of the case, are not misleading, and, when read as a whole, properly inform the trier of fact of the applicable law. *Brown*, 100 Wn.2d at 194.

---

[2]WPI 30.17 states:

"AGGRAVATION OF PRE-EXISTING CONDITION

"If you find that before this occurrence the [plaintiff] [defendant] had a pre-existing bodily condition which was causing pain or disability, and further find that because of this occurrence the condition or the pain or the disability was aggravated, then [if your verdict is in favor of the [plaintiff] [defendant]], you should consider the aggravation of the condition or the pain or disability proximately due to such aggravation, but you should not consider any condition or disability which may have existed prior to the occurrence or from which [plaintiff] [defendant] may now be suffering which was not caused or contributed to by reason of the occurrence."

WPI 30.18 states:

"PREVIOUS INFIRM CONDITION

"If you find that before this occurrence the [plaintiff] [defendant] had a pre-existing bodily condition which [was not causing pain or disability and further find that because of this occurrence that condition was lighted up and made active or that the condition] made the [plaintiff] [defendant] more subject to injury than a person in normal health, then, [if your verdict is in favor of the [plaintiff] [defendant]], you should consider [the lighting up of the condition and] all injuries and damages which were proximately caused by the occurrence, even though those injuries, due to that condition, may have been greater than those which would have been suffered by a normal person under the same circumstances. [There may be no recovery, however, for any results which would have normally followed from the pre-existing condition had there been no accident.]"

In general, a party is entitled to an instruction on her theory of the case if she has presented sufficient evidence to the jury to create a jury issue on the facts underlying the theory. *Bowman v. Whitelock*, 43 Wn. App. 353, 359, 717 P.2d 303 (1986). On the other hand, repetitious and overlapping instructions that, when read as a whole, overemphasize one party's theory of the case deprive the other party of a fair trial. *Brown v. Dahl*, 41 Wn. App. 565, 579-80, 705 P.2d 781 (1985).

Heiner's theory was that Thogerson suffered headaches off and on before the accident beginning with migraines in high school. Testimony revealed that Thogerson suffered migraines in adolescence, that migraines are hereditary and that Thogerson's sister and father also suffered from them. Most importantly, Thogerson conceded that she had tension headaches before the accident and that she was hospitalized in November 1986, 5 months after the accident, for severe headaches unrelated to the accident. The defense expert opined that injuries of the type Thogerson sustained did not usually result in headaches of the frequency and duration of Thogerson's. Heiner therefore established an evidentiary basis for instruction 8, as required by *Bowman v. Whitelock*, *supra*.

Further, whenever the evidence is in dispute as to the existence of a preexisting condition or disability, it is appropriate to use instructions based on both WPI 30.17 and 30.18 as were the instructions in this case. *Bowman*, 43 Wn. App. at 359. In *Bowman*, the parties disputed whether the plaintiff's preexisting degenerative spinal condition was causing pain at the time she was injured in a seaplane accident. Division One of this court decided that in that situation, it was appropriate to give instructions based on both pertinent sections of the WPI. Similarly in Thogerson's case, the evidence was disputed concerning whether the preexisting headache condition caused the pain following the accident. Considered in their entirety, the instructions let each party argue his or her theory of the case, were not misleading, and properly informed

the jury of the law. Therefore, they were proper. *Brown*, 100 Wn.2d at 194.

■ Finally, we note that the jury award of $7,066 for past economic damages covered all of Thogerson's alleged medical expenses and some amount for her lost wages. In view of the award, we cannot see how Thogerson was prejudiced by the instruction. *See Caruso v. Local Union 690 of Int'l Bhd. of Teamsters,* 107 Wn.2d 524, 531, 730 P.2d 1299 (instructional error not reversible unless outcome of trial would be different without it), *cert. denied,* 484 U.S. 815 (1987).

The judgment is affirmed.

PETRICH, C.J., and ALEXANDER, J., concur.