[No. 18325-1-II. Division Two. October 18, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. MANUEL PAUL EDWARDS, *Appellant.*

*R.A. Lewis* and *Knapp, O'Dell & Lewis*, for appellant (appointed counsel for appeal).

*Bradley W. Andersen, Prosecuting Attorney*, for respondent.

TURNER, J. — A jury convicted Edwards of threatening

to injure property in violation of RCW 9.61.160. On appeal he challenges the sufficiency of the evidence, the trial court's instructions, and the constitutionality of the statute. We hold that there is sufficient evidence of the threat to injure property. We also conclude that the trial court properly instructed the jury on the elements of the offense. Finally, we uphold the constitutionality of RCW 9.61.160. Because the statute does not reach a real and substantial amount of protected speech, it is not facially invalid. Accordingly, we affirm Edwards's conviction.

## FACTS

Edwards telephoned the Skamania County Sheriff's Office and spoke with the dispatcher. Edwards said that he was phoning from a pay phone located at the front of the Main Street convenience store in Stevenson, Washington. He was upset and angry with store employees for telephoning his relatives. Edwards told the dispatcher that if the employees harassed his family, he would burn the Main Street store down. He explained that this was not a threat but a fact. The dispatcher sent two deputies to contact Edwards. They arrested Edwards one block away from the store. At trial, Edwards testified that when he left the store, he muttered something about getting revenge on the store to a passerby. He said he was afraid that the passerby would misconstrue the statement and call the police, so he called the sheriff's office to tell them he was not going to harm anyone.

Edwards was charged with one count of threatening to injure property in violation of RCW 9.61.160. At the close of the State's case, Edwards moved to dismiss the charge for insufficient evidence. The trial court denied the motion. Ultimately, the jury returned a verdict of guilty. Edwards appeals the conviction.

## ANALYSIS

### A. Sufficiency of Evidence.

Edwards claims that the evidence introduced at trial

was insufficient to support his conviction for threatening to injure property under RCW 9.61.160.[1] He claims that the evidence failed to prove: (1) that he made a threat within the meaning of RCW 9.61.160 and 9A.01.110(25); (2) that he made a "true threat"; and (3) that he acted with the requisite intent. We hold that sufficient evidence supports the conviction.

■ RCW 9.61.160 prohibits threats of bodily injury or damage to property:

> It shall be unlawful for any person to threaten to bomb or otherwise injure any public or private school building, any place of worship or public assembly, any governmental property, or any other building, common carrier, or structure, or any place used for human occupancy; or to communicate or repeat any information concerning such a threatened bombing or injury, knowing such information to be false and with intent to alarm the person or persons to whom the information is communicated or repeated.

RCW 9.61.160. The statute criminalizes two different things, in two separate clauses. The first clause makes it *unlawful to threaten* to bomb or otherwise injure certain places or things. The second clause makes it *unlawful to communicate or repeat* information regarding a threatened bombing or injury, knowing that the information is false and intending to alarm the listener. The first clause does not require any specific intent; it merely requires proof of the threat. In contrast, the second clause requires (1) knowledge of the falsity of the information and (2) an intent to alarm the listener. We are not concerned with the second clause here as Edwards was charged and convicted of violating only the first of these clauses.

---

[1]Edwards first assigns error to the trial court's denial of his motion to dismiss based on the sufficiency of evidence. We do not reach this claim of error because Edwards failed to advance legal arguments or cite legal authority in support of the claim. *State v. Lord,* 117 Wn.2d 829, 853, 822 P.2d 177 (1991), *cert. denied,* 506 U.S. 856 (1992). Furthermore, we adequately address the claim in our examination of the sufficiency of the evidence to support the conviction.

### 1. Threat

#### a. Future and Conditional Threats

Edwards first argues that the term "threaten" in RCW 9.61.160 does not include either a *future threat* or a *conditional threat*. He says because the threat he made was both future and conditional, the evidence was insufficient to convict him. To support his argument, Edwards relies on RCW 9A.04.110(25)(a-b), which defines a threat to cause bodily injury differently from a threat to injure property:

> "Threat" means to communicate, directly or indirectly the intent:
>
> (a) To cause bodily injury in the future to the person threatened or to any other person; or
>
> (b) To cause physical damage to the property of a person other than the actor; . . .

RCW 9A.04.110(25). Edwards asserts that because the phrase "in the future" was omitted from the definition of threat to injure property, the Legislature did not intend to criminalize threats to injure property in the future.

■■ We disagree. Such an interpretation would be at odds with the common meaning of "threaten." RCW 9.61.160 does not define "threaten." Where a term used in a statute is not defined therein, we may rely on the ordinary meaning of the term. *See State v. Brown*, 50 Wn. App. 405, 409, 748 P.2d 276 (1988). The ordinary meaning of "threaten" clearly includes what Edwards refers to as future threats. WEBSTER's THIRD NEW INTERNATIONAL DICTIONARY (1969), defines threat as "an indication of something impending and . . . : **a:** an expression of an intention to inflict evil, injury, or damage on another . . . as retribution or punishment for something done or left undone . . . ." It is implicit in the term "threaten" that

the injury or damage to property will occur in the future. WEBSTER's defines intent as, among other things, "the design or purpose to commit any wrongful or criminal act . . . ." An intent to cause physical damage to property necessarily involves a future act. Clearly, when one threatens to do something, he or she is not doing that thing at the time of communicating the threat. Rather, the person making the threat communicates *an intent to injure* a person or property sometime in the future, immediate or remote.

Because the term "threaten" logically includes the communication of an intent to injure property in the future and because Edwards admittedly threatened to burn down the Main Street convenience store, sufficient evidence supported Edwards's conviction.

We similarly reject Edwards's contention that the statute does not criminalize conditional threats but only present threats to cause immediate harm to property. Edwards claims *State v. Young*, 83 Wn.2d 937, 942, 523 P.2d 934 (1974), stands for the proposition that RCW 9.61.160 applies only to present threats. We disagree with Edwards's reading of *Young*.

In *Young*, the defendant argued that his conviction for threatening to injure a public building was an unconstitutional abridgment of his right to free speech. The court rejected this claim because the cases cited by the defendant dealt with statutes that prohibited *advocating* the use of force and were not on point. To contrast advocating force from actually threatening, the court stated, "[t]he conduct prohibited here is an expression of a *present threat* or *intent* . . . ." *Young*, 83 Wn.2d at 941-42 (emphasis added). The quote related to the defendant's constitutional argument and cannot be read to refine the definition of threaten under RCW 9.61.160. Moreover, the court's use of the disjunctive "or" indicates that the expression of either a *present threat* or an *intent* to injure suffices. *Young* does not require a "present intent" to injure property.

We hold that a conditional threat to injure property is within the RCW 9A.04.110(25)(b) definition of "threat": that is, "to communicate . . . the intent . . . [t]o cause physical damage to the property of a person . . . ." Neither the language of RCW 9.61.160 or 9A.04.110(25) nor any case law supports Edwards's contention that the State must prove a nonconditional present threat. Because this is not an element of the offense, the evidence is not insufficient.

### b. True Threat

Edwards also asserts that the evidence is insufficient to support his conviction because the State failed to prove that his threat was a "true threat." Again, we reject his challenge. The law does not require proof of a "true" threat for the purposes of RCW 9.61.160. The prohibited criminal activity is the *communication* of the intent to injure. The actor's hidden intentions about actually carrying out the threat are irrelevant. Accordingly, the evidence of a threat is sufficient to support Edwards's conviction.

### 2. Intent

Edwards next contends that his conviction should be reversed because the State failed to prove the second clause of RCW 9.61.160: that Edwards acted "knowing such information to be false, and with intent to alarm the person or persons to whom the information is communicated or repeated." RCW 9.61.160. We reject this contention because Edwards was charged under the first clause of RCW 9.61.160 and intent is not an element of the first clause.

In *Brown*, 50 Wn. App. at 410-11, the court's analysis explicitly assumes that the first part of RCW 9.61.160 did not require an intent to alarm. The Legislature's failure to amend RCW 9.61.160 in light of *Brown* suggests a

legislative intent to omit an intent requirement. *See State v. Bailey*, 41 Wn. App. 724, 727, 706 P.2d 229 (1985) (where the Legislature does not amend a criminal statute after judicial construction of such statute, it is presumed that the Legislature agrees with the judicial construction of the statute). Accordingly, Edwards's conviction is not assailable for lack of intent evidence.

■ Nor does the first part of RCW 9.61.160 require actual intent to injure. In *State v. Kepiro*, 61 Wn. App. 116, 810 P.2d 19 (1991), the court analyzed an analogous statute, RCW 9A.72.160,[2] which criminalizes intimidation of judges. Kepiro argued that the statute contained an implied element of intent to harm or reasonably cause alarm. The Court of Appeals disagreed, holding that "RCW 9A.72.160 contains no requirement that the defendant actually intend to cause bodily harm to a judge. All that is required is that the defendant direct a threat to a judge in which he *communicates the intent* to do so." *Kepiro*, 61 Wn. App. at 121.[3]

■ In reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence most favorably to the State, accept as true all the inferences that can be drawn from the State's evidence, and determine

---

[2]RCW 9A.72.160 states:

"(1) A person is guilty of intimidating a judge if a person directs a threat to a judge because of a ruling or decision of the judge in any official proceeding, or if by use of a threat directed to a judge, a person attempts to influence a ruling or decision of the judge in any official proceeding.

"(2) 'Threat' as used in this section means:

"(a) To communicate, directly or indirectly, the intent immediately to use force against any person who is present at the time; or

"(b) Threats as defined in RCW 9A.04.110(25)."

[3]Our courts have held that a statute may punish conduct alone, without making intent an element of the crime. *State v. Stroh*, 91 Wn.2d 580, 584, 588 P.2d 1182, 8 A.L.R.4th 760 (1979); *State v. Bailey*, 41 Wn. App. 724, 706 P.2d 229 (1985). "[W]hether intent is an element of a statutory crime depends upon the intent of the legislature. If intent is not made an element, the doing of the prohibited act constitutes the crime." *Stroh*, 91 Wn.2d at 584. Our courts have upheld criminal statutes not including intent or knowledge as an element of the offense. *See, e.g., State v. Cleppe*, 96 Wn.2d 373, 377-80, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982); *State v. Elmore*, 54 Wn. App. 54, 56-57, 771 P.2d 1192 (1989).

whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See State v. Green*, 94 Wn.2d 216, 220-21, 616 P.2d 628 (1980). It was conclusively established at trial that Edwards told the county dispatcher that if he discovered that the store's employees were harassing his family, he would burn down the store and that this was not a mere threat but a fact. Viewing this evidence most favorably to the State, any rational trier of fact could have found that Edwards threatened to injure a building. Because the evidence is sufficient to sustain Edwards's conviction, we affirm the judgment.

### B. Instructional Error.

■■■■ Edwards claims that the trial court erred in giving instructions numbered 3 and 5. He also asserts that the court erred in refusing to instruct the jury that RCW 9.61.160 requires the State to prove a (1) serious, (2) present threat to damage property, and (3) made with the intent to alarm the listener.[4] Instructions are sufficient if they permit each party to argue its theory of the case, are not misleading and, when read as a whole, properly inform the trier of fact of the applicable law. *Hyatt v. Sellen Construction, Co.*, 40 Wn. App. 893, 700 P.2d 1164 (1985). A party is entitled to an instruction only if the proposed instruction accurately states the law and substantial evidence supports the proposed instruction. *See Thogerson v. Heiner*, 66 Wn. App. 466, 474, 832 P.2d 508 (1992). "The refusal to give a requested [jury] instruction is reviewed for abuse of discretion." *Savage v. State*, 72 Wn. App. 483, 492, 864 P.2d 1009 (1994), *rev'd in part on other grounds*, 127 Wn.2d 434 (1995).

■■■■ We hold that the trial court did not commit instructional error. Instructions number 3 and 5 ac-

---

[4]Specifically, he assigns error to the trial court's refusal to give his proposed instructions numbers 4, 5, 7 and 8.

curately stated the law. Instruction number 3,[5] defining threat, was taken, verbatim, from RCW 9A.04.110(25)(b). Instruction number 5[6] contained the elements of the offense as stated in RCW 9.61.160 with the facts from the information.

We also conclude that the trial court did not abuse its discretion in refusing to give Edwards's proposed instructions. Those instructions did not accurately state the law. Edwards's proposed instructions numbered 4[7] and 5[8] incorrectly required proof that Edwards knew the threat was false and intended to alarm the listener. As stated above, neither is an element of the first clause of RCW 9.61.160, the crime for which Edwards was being prosecuted. The

---

[5]Instruction 3 states:

"Threat means to communicate, directly or indirectly, the intent: To cause physical damage to the property of a person other than the actor."

[6]Instruction 5 states:

"To convict the defendant of the crime of Threats to Injure Property, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about January 4, 1994, the Defendant threatened to injure any building, structure or any place used for human occupancy; and

"(2) That such acts occurred in Skamania County, Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty."

[7]Instruction 4 states:

"A person commits the crime of threatening to injure property when he threatens to injure any building or structure, knowing such information to be false and with the intent to alarm the person to whom the information is communicated or repeated."

[8]Instruction 5 states:

"To convict the defendant of the crime of threatening to injure property each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 4th day of January, 1994, the defendant threatened to injure a building or structure;

"(2) That the defendant acted knowing this threat was false;

"(3) That the defendant acted with the intent to alarm the person to whom the threat was communicated or repeated; and

"(4) That the acts occurred in State of Washington. . . ."

court also properly refused to give Edwards's proposed instruction number 7,[9] which described when a person knows or acts knowingly. Knowledge was not an element of the crime. Finally, the court properly refused to give Edwards's proposed instruction 8,[10] which required that communication of the threat be made under circumstances indicating a serious expression of a present threat or intent to cause injury. RCW 9.61.160, however, does not require a threat to be either serious or present. Edwards's challenges based on instructional error fail.

### C. Constitutionality of RCW 9.61.160.

Edwards contends that RCW 9.61.160 is unconstitutionally overbroad and criminalizes protected speech. Statutes are presumed constitutional, and the challenging party must prove unconstitutionality beyond a reasonable doubt. *State v. Stroh*, 91 Wn.2d 580, 582, 588 P.2d 1182 (1979); *Brown*, 50 Wn. App. 405. "If possible, a statute must be interpreted in a manner that upholds its constitutionality." *State v. Halstien*, 122 Wn.2d 109, 123, 857 P.2d 270 (1993).

Within the context of the First Amendment, a statute is void as overbroad if: "it sweeps constitutionally protected free speech activities within its prohibitions and no means exist by which to sever its unconstitutional applications." *State v. Dyson*, 74 Wn. App. 237, 242, 872 P.2d

---

[9]Instruction 7 states:

"A person knows or acts knowingly or with knowledge when he is aware of a fact, circumstance or result which is described by law as being a crime, whether or not the person is aware that the fact, circumstance or result is a crime.

"If a person has information which would lead a reasonable person in the same situation to believe that facts exist which are described by law as being a crime, the jury is permitted but not required to find that he acted with knowledge."

[10]Instruction 8 states:

"To threaten means to communicate, directly or indirectly, the intent to cause physical damage to a building or structure.

"The communication must be made under circumstances, or in a context, which indicates a serious expression of a present threat or intent to cause injury."

1115, *review denied*, 125 Wn.2d 1005 (1994); *Brown*, 50 Wn. App. at 410. In particular, a criminal statute may be facially invalid if it makes a substantial amount of constitutionally protected conduct unlawful even though it also has legitimate application. *Halstien*, 122 Wn.2d at 122; *Seattle v. Huff*, 51 Wn. App. 12, 751 P.2d 879 (1988), *aff'd*, 111 Wn.2d 923, 925 (1989). The basic concern is that an overbroad statute will deter others from engaging in permissible and otherwise protected expression. *Dyson*, 74 Wn. App. at 242.

The starting point of the overbreadth analysis is to determine whether the challenged statute proscribes protected speech. *Halstien*, 122 Wn.2d at 122. If it does, the next level of inquiry is whether it proscribes a *real and substantial amount* of protected speech. *Halstien*, 122 Wn.2d at 123; *Huff*, 51 Wn. App. 12; *Dyson*, 74 Wn. App. at 242. Finally, even if the statute reaches a substantial amount of protected speech, it will not be overturned if: (1) the court can place a sufficient limiting construction on the statute; or (2) the statute's regulation of protected speech is permissible under the First Amendment.[11] Use of the overbreadth doctrine to invalidate a statute is considered "strong medicine" to be applied "only as a last resort." *Dyson*, 74 Wn. App. at 242 (quoting *State v. Talley*, 122 Wn.2d 192, 210, 858 P.2d 217 (1993)).

 RCW 9.61.160 proscribes some protected speech. Although the social value of threats is diminutive, they are nonetheless protected under the First Amendment unless they are likely to cause an immediate breach of the peace by an average listener under the circumstances. *Huff*, 111 Wn.2d at 926; *Seattle v. Ivan*, 71 Wn. App. 145, 150, 856 P.2d 1116 (1993). The first clause of RCW 9.61.160 makes it unlawful "to threaten to . . . otherwise injure any . . . building, common carrier, or structure, or any

---

[11]Even protected speech is regulable as long as the regulations are appropriate. A different standard for regulation applies depending on whether the speech occurs in a public or nonpublic forum. *See Huff*, 111 Wn.2d at 926, *Halstien*, 122 Wn.2d at 123, and *Dyson*, 74 Wn. App. at 243, for explanations of appropriate regulations in the different forums.

place used for human occupancy . . . ." RCW 9A.04 .110(25)(b) provides that "threat" means to communicate, directly or indirectly, the intent to cause physical damage to the property of a person other than the actor. Under the reasoning of *Huff*, the statute proscribes protected speech because a threat to injure another's property is not always likely to incite an immediate breach of peace; for example, long distance threats made over the phone or in a letter. *See Huff*, 111 Wn.2d at 926.[12] We hold, however, that the statute is not so broad as to proscribe a *real and substantial* amount of protected speech.

*State v. Huff* is distinguishable from the case at hand. Its conclusion that a telephone harassment ordinance reached a substantial amount of protected speech does not mandate a similar result here. In *Huff*, the Supreme Court examined Seattle Municipal Code (SMC) 12A.06.100(A)(3), a telephone harassment ordinance.[13] The court concluded:

> The distance the telephone necessarily puts between the caller and the listener inherently tends to prevent immediate breaches of the peace which could more readily result from a face-to-face encounter. To the extent the majority of threats made over the telephone do not incite an immediate breach of the peace, we find the ordinance proscribes a substantial amount of protected speech.

---

[12]We do not believe that Edwards's example of the contractor's statement that she intends to destroy a building falls within the proscription contained in the first clause of the statute. We presume that the Legislature was concerned only with threats of *wrongful* injury to property, which clearly do not include instances where one has a license to damage property. *See New Mexico v. Stephens*, 807 P.2d 241, 245 (N.M. Ct. App. 1991). Nor does Edwards's second example fit within the statute. A person who says he will work to see that a building is demolished is merely *advocating*; he is not communicating an intent to injure. *See Young*, 83 Wn.2d 941-42.

[13]The ordinance read as follows:

"A person is guilty of making telephone calls to harass, intimidate, torment or embarrass any other person if, with intent to harass, intimidate, torment or embarrass any other person, he makes a telephone call to such other person:

. . .

"3. Threatening to inflict injury on the person or property of the person called or any member of his family . . ."

*Huff*, 111 Wn.2d at 924.

*Huff*, 111 Wn.2d at 926.

The *Huff* ruling does not require us to conclude, however, that RCW 9.61.160 proscribes a substantial amount of protected speech. The ordinance in *Huff* proscribed only telephonic threats. In contrast, RCW 9.61.160 applies to all threats to injure property, not only telephonic threats. We notice that telephonic threats comprise only a part of all possible threats. And many such threats, especially short distance ones, remain likely to cause an immediate breach of the peace. Therefore, we conclude that the majority of threats proscribed by RCW 9.61.160 *are* likely to cause an immediate breach of peace.

*Seattle v. Ivan*, 71 Wn. App. 145, is also distinguishable. The court in *Ivan* ruled that a coercion ordinance[14] reached a substantial amount of protected speech. The *Ivan* court noted that the term "threat" as used in the ordinance, was defined "broadly and prohibit[ed] a wide range of com-

---

[14]Seattle Municipal Code (SMC) 12A.06.090 reads:

"A. A person is guilty of coercion if by use of a threat he compels or induces a person to engage in conduct which the latter has a legal right to abstain from, or to abstain from conduct which he has a legal right to engage in.

"B. "Threat" as used in this section means:

"1. To communicate, directly or indirectly, the intent immediately to use force against any person who is present at the time; or

"2. Threats as defined in Section 12A.08.050(L)"

Section 12A.08.050(L) defined "threat" as including the communication of an intent to:

"4. To accuse another person of a crime or cause criminal charges to be instituted against another person; or

"5. To expose a secret or publicize an asserted fact, whether true or false, tending to subject another person to hatred, contempt or ridicule; or

"6. To reveal significant information sought to be concealed by the person threatened; or

"7. To testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or

"8. To take wrongful action as an official against anyone or anything . . .; or

"9. To bring about or continue a strike boycott, or other similar collective action with the intent to obtain property . . .; or

"10. To do any other act which is intended to harm substantially any person with respect to his health, safety, business, financial condition, or personal relationships."

*Ivan*, 71 Wn. App. at 148.

munication beyond mere fighting words and other non-protected speech." *Ivan,* 71 Wn. App. at 151. The ordinance thereby prohibited a real and substantial amount of constitutionally protected speech. *Ivan,* 71 Wn. App. at 151. Unlike the ordinance in *Ivan,* RCW 9.61.160 limits threatening communications to those stating an intention to injure another's property. This statute is clearly aimed at threats likely to incite someone to action. Such communications are usually fighting words, unprotected by the First Amendment. *See Chaplinsky v. New Hampshire,*315 U.S. 568, 62 S. Ct. 766, 86 L. Ed. 1031 (1942). Because RCW 9.61.160 does not proscribe a real and substantial amount of protected speech, we hold that it is not substantially overbroad.

We affirm Edwards's conviction.

BRIDGEWATER and ARMSTRONG, JJ., concur.

Review denied at 131 Wn.2d 1016 (1997).