[No. 21316-8-II. Division Two. November 6, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD
CURTIS SMITH, *Appellant*.

*Thad E. Scudder*, for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney*, and *Ian A. Northrip, Deputy*, for respondent.

HOUGHTON, C.J. — Richard Curtis Smith appeals his conviction of threatening to bomb a government building (RCW 9.61.160), arguing that the trial court erred in denying his motion to dismiss on First Amendment grounds because the statute is overbroad. We affirm.

## FACTS

Smith is an emotionally disturbed 31-year-old man. He delivers newspapers for his father and draws disability payments. On May 10, 1996, Child Protective Services (CPS) took Smith's then five-year-old daughter from his care. Smith was upset about the removal, which he characterized as "kidnapping." He felt that he would not get a fair hearing from CPS. At a shelter care hearing, he was angry and disruptive. A security guard restrained him several times.

Smith was a casual acquaintance of Albert Strickland, a Wal-Mart employee. A few weeks after the hearing, Smith's father had a conversation with Strickland while delivering newspapers to vending machines at the Wal-Mart. Smith's father told Strickland about Smith's problems with his daughter.

About a week later, Smith was delivering newspapers to

the Wal-Mart for his father. Strickland recognized Smith and initiated a conversation. Smith began talking about his troubles with CPS and said he was upset and angry. Strickland testified that Smith told him that if he did not get his daughter back at the next hearing, he would blow up the CPS building. Using gestures, Smith demonstrated how he would pack the bomb, describing in detail the materials he would need to make it.

Strickland reported the conversation to the Longview Police. The police searched Smith's house but found no explosives or related devices. The police later arrested Smith and charged him with threatening to bomb a government building. He appeals from a jury conviction.

## ANALYSIS

 Smith contends that RCW 9.61.160 is unconstitutionally overbroad. A party challenging the constitutionality of a statute must prove unconstitutionality beyond a reasonable doubt. *State v. Edwards*, 84 Wn. App 5, 16, 924 P.2d 397 (1996), *review denied*, 131 Wn.2d 1016 (1997). A statute is overbroad if it sweeps constitutionally protected free speech activities within its prohibitions. *Edwards*, 84 Wn. App. at 16.

In determining whether a statute is overbroad, the court must engage in three analyses: (1) whether the challenged statute proscribes protected speech; (2) if so, whether it proscribes a real and substantial amount of protected speech; and (3) if so, whether the statute can be saved by a sufficient limiting construction or because the statute's regulation is permissible under the First Amendment. *State v. Stephenson*, 89 Wn. App. 794, 800, 950 P.2d 38 (1998); *Edwards*, 84 Wn. App. at 17.

RCW 9.61.160 provides: "It shall be unlawful for any person to threaten to bomb . . . any governmental property, or any other building . . . ." RCW 9.61.160. This court recently rejected an overbreadth challenge to this statute

48

in *State v. Edwards*,[1] holding that RCW 9.61.160 prohibits some, but not a substantial amount of, constitutionally protected speech and therefore is not overbroad.

Smith asserts that the *Edwards* decision added a "fighting words" element to the statute. "Fighting words" have a direct tendency to cause acts of violence by the person to whom they are addressed. *City of Seattle v. Camby*, 104 Wn.2d 49, 52, 701 P.2d 499 (1985). They are not constitutionally protected speech. *Camby*, 104 Wn.2d at 52.

Smith further asserts that RCW 9.61.160 should be read to proscribe only those threats that are "fighting words" and tend to incite an immediate breach of the peace, a high standard to meet. *City of Seattle v. Huff*, 111 Wn.2d 923, 925, 767 P.2d 572 (1989). To be considered "fighting words," speech must be: (1) directed at a particular person or group; (2) inherently likely to provoke a violent reaction; and (3) considered fighting words in the context in which the speech was made. *Camby*, 104 Wn.2d at 53. Using this analysis, Smith reasons that his threat is protected speech because it was not directed to incite Strickland (the addressee) to violence.[2]

 Both "fighting words" and "true threats" are nonprotected speech. *See Watts v. United States*, 394 U.S. 705, 707, 89 S. Ct. 1399, 22 L. Ed. 2d 664 (1969); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72, 62 S. Ct. 766, 86 L. Ed. 1031 (1942); *United States v. Orozco-Santillan*, 903 F.2d 1262, 1265-66 (9th Cir. 1990); *State v. Knowles*, 91 Wn. App. 367, 373, 957 P.2d 797 (1998). "True threats" are statements made under such circumstances that a reasonable person would interpret the statement as a serious expression of intention to inflict bodily harm. *Knowles*, 91 Wn. App. at 373; *see United States v. Gilbert*, 884 F.2d 454, 457 (9th Cir. 1989) (defining "threat" as an expression of

---

[1]84 Wn. App 5.

[2]Smith appears to argue that the jury should have been instructed not to convict him unless it found that he used "fighting words." Smith, however, has not assigned error to the jury instructions.

intention to inflict evil, injury, or damage on another), *cert. denied*, 493 U.S. 1082 (1990).

The *Edwards* court specifically held that RCW 9.61.160 does not require proof of a true threat.[3] *Edwards*, 84 Wn. App. at 12. Rather, the court indicated that the statute prohibited fighting words.[4] In its analysis, the court noted that RCW 9.61.160 proscribes some protected speech, stating that threats are protected by the First Amendment "unless they are likely to cause an immediate breach of the peace." *Edwards*, 84 Wn. App. at 17. But the court concluded, without elaboration, that the majority of threats proscribed under RCW 9.61.160 *are* likely to cause an immediate breach of the peace. *Edwards*, 84 Wn. App. at 19.

The conclusion reached in *Edwards* is correct, but further analysis is appropriate. A threat conveys an intent to injure others; it does not necessarily incite others to action. By using "fighting words" as the constitutional basis for RCW 9.16.160, the *Edwards* court left unanswered the questions of who must be incited and to what action in order for a threat to be nonprotected, and the court fell short of specifically adopting a "fighting words" interpretation for RCW 9.16.160. *Edwards*, 84 Wn. App. at 20.

Other Washington decisions have employed a more

---

[3]The court reached this conclusion because it defined "threat" as used in RCW 9.61.160 as including a threat to injure property. *Edwards*, 84 Wn. App. at 12. This type of threat may be constitutionally protected. *See Stephenson*, 89 Wn. App. at 801-02 (finding that threats to harm another's business, financial condition, or personal relationships are protected speech); *Knowles*, 91 Wn. App. at 374 (holding that threats to inflict financial or personal harm are not true threats where no one's personal safety is threatened). RCW 9.61.160, however, is clearly concerned with protecting human life. *See* RCW 9.61.160 (prohibiting threats to bomb any school, place of worship or public assembly, common carrier, structure, or any place used for human occupancy). Furthermore, *Watts v. United States*, the case that originally distinguished between threats and constitutionally protected speech, was concerned with distinguishing political hyperbole from serious threats. It did not require that a particular type of injury be threatened. *Watts*, 394 U.S. at 707-08. RCW 9.61.160 prohibits only true threats. If a statute can reasonably be construed to apply to unprotected speech, its validity can be sustained. *State v. Brown*, 50 Wn. App. 405, 410, 748 P.2d 276 (1988). A reasonable person would interpret a bomb threat as a "serious expression of intention to inflict bodily harm." *See Knowles*, 91 Wn. App. at 373.

[4]The court stated that the statute is "clearly aimed at threats likely to incite someone to action." *Edwards*, 84 Wn. App. at 20.

complete analysis to uphold the same statute on the ground that threats themselves are nonprotected speech. *See State v. Young*, 83 Wn.2d 937, 941-42, 523 P.2d 934 (1974) (holding that RCW 9.61.160 does not prohibit advocating use of force but, rather, prohibits threats); *State v. Brown*, 50 Wn. App. 405, 411, 748 P.2d 276 (1988) (holding that bomb threat statute is not overbroad because it can be narrowly interpreted to prohibit only nonprotected threats); *see also Knowles*, 91 Wn. App. at 373-74 (analyzing overbreadth of RCW 9A.72.160 (intimidating a judge) by considering whether speech was nonprotected "true threat").

Thus, as held in *State v. Young*,[5] *State v. Brown*,[6] and *State v. Edwards*,[7] RCW 9.61.160 does not proscribe a substantial amount of constitutionally protected speech. It is therefore not unconstitutionally overbroad.

Affirmed.

MORGAN and BRIDGEWATER, JJ., concur.

---

[5] 83 Wn.2d 937.

[6] 50 Wn. App. 405.

[7] 84 Wn. App. 5.