# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>JOEL CHRISTOPHER HOLMES,<br><br>                  Petitioner. | No. 52990-4-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Joel Holmes seeks relief from personal restraint imposed as a result of his 2018 plea of guilty to promoting a suicide attempt.[1] Holmes e-mailed the Administrative Office of the Courts stating that if it did not remove information about him from its website, he would blow himself up in front of the Temple of Justice. Thurston County charged him with threats to bomb or injure property, under RCW 9.61.160(1). As part of an agreement, Holmes pleaded guilty under *In re Personal Restraint of Barr*, 102 Wn.2d 265, 270, 684 P.2d 712 (1984), to promoting a suicide attempt under RCW 9A.36.060. King County later charged him with harassment for threatening to do physical damage to the property of Washington Holdings Company or to do an act to substantially harm Washington Holdings Company. He eventually pleaded guilty to gross misdemeanor harassment in King County.

---

[1] The trial court entered the judgment and sentence on August 23, 2018, making his January 9, 2019 petition timely filed. RCW 10.73.090(3)(a).

Holmes appears to argue that his Thurston County plea of guilty lacks a factual basis because there was no evidence of promoting a suicide attempt. But under *Barr*, a defendant may plead guilty to a lesser crime for which there is no factual basis, so long as there is a factual basis for the greater crime with which he was charged. 102 Wn.2d at 270. The declaration of probable cause provides a factual basis for the crime of threats to bomb. Therefore, his *Barr* plea of guilty to promoting a suicide attempt is valid.

Second, Holmes argues that RCW 9A.36.060 is constitutionally overbroad because it proscribes protected speech. But that statute does not require speech. Thus, his claim of overbreadth fails. *State v. Halstien*, 122 Wn.2d 109, 123, 857 P.2d 270 (1993). And to the extent that Holmes is arguing that RCW 9.61.160 is constitutionally overbroad because his e-mail was not a true threat, threats to bomb government facilities have been held to constitute true threats, such that RCW 9.61.160 is not overbroad. *State v. Johnston*, 156 Wn.2d 355, 358, 127 P.3d 707 (2006); *State v. Smith*, 93 Wn. App. 45, 47, 966 P.2d 411 (1998).

Third, Holmes argues that the charge in Thurston County violated a plea agreement he had made. But he does not show that Thurston County was a party to any such agreement.

Finally, Holmes argues that his convictions in Thurston County and King County violate double jeopardy. But because they involve prosecutions for different crimes committed in different counties against different victims, they do not violate double jeopardy even if they are similar. *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 49-50, 75 P.3d 488 (2003).

No. 52990-4-II

Holmes does not present grounds for relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J

GLASGOW, J.